## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| TRISH KINCAID, on behalf of herself and others similarly situated, | |
| Plaintiff, | NO. _____ |
| v. | **COLLECTIVE AND CLASS ACTION COMPLAINT** |
| COURIER EXPRESS/CHARLOTTE, INC.,  COURIER EXPRESS/RALEIGH, INC., COURIER EXPRESS FREIGHT, INC., COURIER EXPRESS US, INC., and IDEXX PHARMACEUTICALS, LLC, | |
| Defendants. | |

## <u>INTRODUCTION</u>

NOW COMES Plaintiff TRISH KINCAID ("Plaintiff"), by and through counsel, complaining of Defendants Courier Express/Charlotte, Inc., Courier Express/Raleigh, Inc., Courier Express Freight, Inc., Courier Express US, Inc. (collectively, "Courier Express Defendants"), and Idexx Pharmaceuticals, LLC (collectively, with Courier Express Defendants, "Defendants"), and allege and say:

  1.  This case arises out of Defendants' systemic, company-wide unlawful

1

treatment of Plaintiff and similarly situated couriers, who have provided courier services to Defendants in violation of the Fair Labor Standards Act and the North Carolina Wage and Hour Act.

2.    Plaintiff brings this class and collective action on behalf of herself and all other couriers who have worked or currently work for Defendants in the United States.  Defendants have misclassified all courier drivers as independent contractors rather than employees, and failed to pay them overtime, minimum wage, earned wages, and other wages owed under state and federal law.

3.    This action is brought individually and as a class and collective action for unpaid minimum wages, overtime compensation, and other relief under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for unpaid earned, accrued and promised wages, and unlawful deductions, under the North Carolina Wage and Hour Act, N.C. Gen. Stat. § 95-25.1 *et seq.* ("NCWHA"), pursuant to Fed. Civ. P. Rule 23.  The collective action provisions under the FLSA provide for opt-in class participation, while Plaintiff's class allegations under Federal Rule 23 are "opt-out" classes.

**<u>PARTIES</u>**

4.     Plaintiff Trish Kincaid is an adult resident of Greensboro, North Carolina.  She worked as a courier for Defendants from April 18, 2016 until September 2017.

5.     Plaintiff brings this action as collective action for violation of the FLSA pursuant to Section 16(b) of the FLSA 29 U.S.C. § 216(b), on behalf of the following class:

> All individuals who signed an agreement to provide courier services to Courier Express Defendants, and performed courier services, pursuant to that agreement, as independent contractors for either solely Courier Express Defendants, or, alternatively, Courier Express Defendants and IDEXX Pharmaceuticals as joint employers, and who have not been paid minimum wage and overtime compensation, during the three (3) years preceding the filing of this action.

6.     The collective action is comprised of similarly situated individuals who are entitled to notice of this action under 29 U.S.C. § 216(b).

7.     The members of the proposed Rule 23 class include the following:

> All individuals who signed an agreement to provide courier services to Courier Express Defendants, and performed courier services, pursuant to that agreement, as independent contractors in North Carolina for either solely Courier Express Defendants, or, alternatively, Courier Express Defendants and IDEXX Pharmaceuticals as joint employers, who were not paid their earned, accrued, and promised wages, and unlawful deductions during the two (2) years preceding the filing of this action.

3

8.     The proposed class satisfies all the requirements for class certification, as the group is so numerous, consisting of at least one-hundred (100) individuals, that joinder of all members is impracticable; there are questions of law and fact raised by Plaintiff's claims common to all members of the proposed class, such as whether all couriers are "employees" for purposes of the North Carolina wage laws; these common issues predominate over any individualized issues; Plaintiff is typical of all other Courier Express couriers; Plaintiff and her counsel are adequate representatives of the class; and class treatment is superior to other available methods for the fair and efficient adjudication of the controversy.

9.     Defendant Courier Express/Charlotte, Inc., is a corporation organized under the laws of Georgia, with its principal place of business in Marietta, Georgia.

10.     Defendant Courier Express/Raleigh, Inc., is a corporation organized under the laws of Georgia, with its principal place of business in Marietta, Georgia.

11.     Defendant Courier Express Freight, Inc., is a corporation organized under the laws of Georgia, with its principal place of business in Marietta, Georgia.

12.     Defendant Courier Express US, Inc. is a corporation organized under the laws of Georgia, with its principal place of business in Marietta, Georgia.

13.     Defendant IDEXX Pharmaceuticals, LLC ("Defendant IDEXX") is a

4

corporation organized under the laws of Maine, with its principal place of business in Westbrook, Maine.

14.     Upon information and belief, during the time period relevant to this action, Defendants operated as an employer, joint employer, or member of an integrated, common enterprise, that employed Plaintiff and all others similarly situated, pursuant to the FLSA and NCWHA, in that Defendants, or their agents, held or implemented the power, *inter alia*, to control the work performance of Plaintiff and all others similarly situated, and Defendants received the benefit of the labor of Plaintiff and all others similarly situated.

## JURISDICTION AND VENUE

15.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b), because this action is based, in part, on the FLSA.

16.     In addition, this Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over Plaintiff's pendent claims, which are brought pursuant to the laws of the State of North Carolina, because those claims arise out of the same transaction or occurrence as the federal claims alleged herein.

17.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because at least one Defendant is located within in this judicial district and division.

## COVERAGE ALLEGATIONS

18.     At all times material to this action, Defendants have acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiff and all others similarly situated.

19.     At all times material to this action, Defendants were employers within the defined scope of the FLSA, 29 U.S.C. § 203(d).

20.     At all times material to this action, Plaintiff and all others similarly situated were individual employees within the scope of the FLSA, 29 U.S.C. §§ 206 and 207.

21.     At all times material to this action, Defendants were an enterprise engaged in related activities performed through a unified operation or common control for a common business purpose, as defined by the FLSA, 29 U.S.C. § 203(r).

22.     At all times material to this action, Defendants were joint employers pursuant to 29 C.F.R. § 791.2.

23.     At all times material to this action, Defendants were an enterprise engaged in commerce or the production of goods for commerce as defined by the FLSA, 29 U.S.C. §§ 203(s), 203(r), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been

moved in or produced for commerce by any person, and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

## FACTUAL ALLEGATIONS

24. Plaintiff and similarly situated couriers typically worked 6 days per week performing courier services for Defendants, approximately 48 hours per week.

25. For example, from March 4, 2017 through March 10, 2017, Plaintiff worked 48.5 hours. From July 8, 2017 through July 14, 2017, Plaintiff worked 45.25 hours.

26. Plaintiff and similarly situated couriers perform pick-up and delivery services of supplies, materials, and medical specimens for Courier Express Defendants, which contracts with other companies desirous of these services. Courier Express Defendants then assign specific pick-ups and deliveries to couriers such as Plaintiff on a daily basis.

27. All couriers sign a standard independent contractor agreement that purports to classify them as independent contractors, as opposed to employees; however, in reality, they are employees of Courier Express Defendants.

28. Under the terms of the contract, Courier Express Defendants reserve

the right to terminate couriers for any reason.

29.     Courier Express Defendants exercise extensive control over the manner in which couriers perform their jobs and conduct themselves while working for Defendants.

30.     Plaintiff and similarly situated couriers worked assigned shifts or "runs" during which they begin their shift at a time assigned by Courier Express Defendants.

31.     Near the beginning of each shift, Courier Express Defendants electronically transmit the assigned route to each courier, which lists each stop that they must make during the shift and the time that they must arrive.

32.     The couriers are required to run the route and perform the pick-ups in the exact order that has been established by Defendants, even if it is inefficient. Plaintiff and similarly situated couriers were reprimanded when they attempted to perform the pick-ups in a different order than assigned by Defendants.

33.     Courier Express Defendants track the courier's progress throughout their shift via GPS, and couriers are required to have their GPS on at all times so that Defendants can track them.

34.     Defendants require Plaintiff and other couriers to wear a shirt or vest with a "Courier Express" logo, and they must have a "Courier Express" magnetic

logo on their cars at all times while they work for Defendants.

35.     Courier Express Defendants require Plaintiff and other couriers to obtain certain equipment at their own expense, such as a cooler for storing any specimens that are transported.

36.     In addition, Courier Express Defendants are in the business of providing courier services, and Plaintiff and other couriers perform these exact services in the usual course of this business; without the couriers, Courier Express Defendants would have no business.

37.     Plaintiff and other couriers are not paid any hourly wage.  Instead, Courier Express Defendants pay them a set amount per "run" or shift.  For example, the rate for the "evening run" on Monday through Friday is $115, while the "day run" is $80/shift.  The rate is unilaterally determined by Courier Express Defendants, and couriers cannot negotiate higher amounts, nor can they negotiate directly with Courier Express Defendants' customers regarding the price of their delivery services.

38.     Courier Express Defendants do not pay an additional premium or overtime rate when couriers work more than forty hours in a given week.

39.     Plaintiff and other couriers did not receive their wages in cash or via direct deposit, but their weekly pay was loaded onto a "ComData" card that is

similar to a debit card, and the couriers are charged in order to access the money loaded onto the card.

40.     Courier Express Defendants deduct various amounts from the couriers' pay on a weekly basis; for example, Courier Express Defendants deduct approximately $50 per week for "insurance" charges for a worker's compensation insurance policy, and they deduct an additional amount each week for use of their software application through which couriers receive their work assignments.

41.     Plaintiff and other couriers pay a substantial amount of Courier Express Defendants' business expenses, such as the costs of fuel and vehicle maintenance.

## COMMON BUSINESS PRACTICES AND JOINT EMPLOYMENT FACTUAL ALLEGATIONS

42.     Upon information and belief, throughout the entire duration of Plaintiff's contract/employment, approximately ninety-percent (90%) of Plaintiff's work performed were delivery services for Defendant IDEXX.

43.     While performing delivery services for Defendant IDEXX, Plaintiff and others similarly situated were required to wear a badge with Defendant IDEXX's name on it.

44.     Upon information and belief, Defendant IDEXX previously employed

their own couriers, since transportation of laboratory samples is essential to their

business, but thereafter relied upon Courier Express Defendants, to perform courier

services for them in North Carolina.

45.   Courier Express Defendants have Defendant IDEXX machines and

supplies at their offices.

46.   Defendant IDEXX set schedules and routes for Plaintiff and others

similarly situated.

47.   Defendant IDEXX possessed the power to terminate employees of

Courier Express Defendants, and has, on at least one occasion, exercised that

power.

48.   Plaintiff has been informed, on at least one occasion, that management

of Courier Express Defendants did not want to terminate an employee, but they

had no choice, because Defendant IDEXX demanded the termination.


## COUNT I
### (Fair Labor Standards Act -  Failure to Pay Minimum Wage)

49.   Plaintiff repeats and realleges each and every allegation stated above.

50.   Defendants are Plaintiff's and putative collective members'

"employers" for purposes of the Fair Labor Standards Act, 29 U.S.C. § 203(s),

because they have annual gross sales or business of at least $500,000 and have employees engaged in interstate commerce.

51.     Plaintiff and the members of the proposed FLSA collective were employees of Defendants for purposes of the Fair Labor Standards Act, either directly or as joint employers, during all times relevant to this Complaint. Defendants have failed to pay Plaintiff and the members of the putative collective an hourly rate of at least the minimum wage of $7.25 per hour as required by the FLSA, 29 U.S.C. § 206, because Plaintiff and putative collective members have borne significant business expenses, such as fuel and vehicle maintenance, that lower their hourly wage below the statutory minimum in many weeks.

52.     Plaintiff and the members of the putative collective are also entitled to liquidated damages equal to the amount of unpaid minimum wages due to them under the FLSA, pursuant to the FLSA, 29 U.S.C. § 216(b).

53.     Plaintiff and members of the putative collective are also entitled to an award of reasonable attorneys' fees and costs incurred in prosecuting this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II

### (Fair Labor Standards Act – Failure to Pay Overtime Wages)

54.     Plaintiff repeats and realleges each and every allegation stated above.

12

55.     Plaintiff and members of the proposed collective routinely worked in excess of forty (40) hours per workweek for Defendants.

56.     Defendants failed to pay Plaintiff and the members of the putative collective at the rate of one-and-a-half times their regular rate of pay for all hours worked in excess of forty hours weekly as required by section 7(a) of the FLSA, 29 U.S.C. § 207(a).

57.     Plaintiff and members of the putative collective are entitled to back wages at the rate of one-and-a-half times their regular rate of pay for all overtime hours worked in excess of forty hours per week, pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b).

58.     The failure of Defendants to compensate Plaintiff and members of the putative collective for overtime work as required by the FLSA was knowing, willful, intentional, and done in bad faith.

59.     Plaintiff and members of the putative collective are also entitled to liquidated damages equal to the amount of unpaid overtime compensation due to them under the FLSA, pursuant to section 16(b) of the FLSA, 29 U.S.C. 216(b).

60.     Plaintiff and members of the putative collective are also entitled to an award of reasonable attorneys' fees and costs incurred in prosecuting this action, pursuant to 29 U.S.C. § 216(b).

## COUNT III
### (North Carolina Wage and Hour Act – Unpaid Wages and Unlawful Deductions)

61.     Plaintiff repeats and realleges each and every allegation stated above.

62.     At all relevant times, Defendants have employed, and/or continue to employ, Plaintiff and members of the putative class within the meaning of the NCWHA, N.C. Gen. Stat. § 95-25.2(3), either directly or as joint employers, in that they were suffered or permitted to work.

63.     Defendants employed Plaintiff and members of the putative class, either directly or as joint employers, within the State of North Carolina.

64.     Pursuant to N.C. Gen. Stat. § 95-25.6, employers in North Carolina must pay employees all earned, accrued, and/or promised wages on their regular payday.

65.     As provided in the preceding paragraphs, Defendants failed to pay Plaintiff and members of the putative class all legally due wages on their regular payday; this requirement is not covered by the minimum wage or overtime provisions of the FLSA.

66.     Pursuant to N.C. Gen. Stat. § 95-25.8(a)(2), an employer may only withhold or divert any portion of an employee's wages, "when the amount of the proposed deduction is known and agreed upon in advance," after meeting several

14

requirements, including, but not limited to: (1) receiving written authorization from each employee "on or before the payday(s) for the pay period(s) from which the deduction is to be made"; (2) providing the reason for each deduction; and (3) providing advance written notice of the actual amount to be deducted.

67. Defendants violated N.C. Gen. Stat. § 95-25.8(a)(2) by not receiving sufficient authorization from Plaintiff and members of the putative class, including, but not limited to, failing to receive written authorization from each employee "on or before the payday(s) for the pay period(s) from which the deduction is to be made."

68. Additionally, under N.C. Gen. Stat. § 95-25.8, and the accompanying regulation, 13 N.C. Admin. Code 12 § .0305(g), "If an employer withholds or diverts wages for purposes not permitted by law, the employer shall be in violation of G.S. 95-25.6 . . . even if the employee authorizes the withholding in writing pursuant to G.S. 95-25.8(a), because that authorization is invalid."

69. Defendants violated 13 N.C. Admin. Code 12 § .0305(g) by withholding Plaintiff's and members of the class's wages for purposes not permitted by law, including, but not limited to, a worker's compensation insurance policy that, upon information and belief, does not exist, because Plaintiff and

members of the class were never classified as employees, and thus could not make a worker's compensation claim.

70.     As provided herein, Plaintiff and members of the putative class are entitled to all unpaid earned, accrued, and/or promised wages, and/or unlawful deductions, under the NCWHA.

71.     Plaintiff and members of the putative class are also entitled to liquidated damages equal to the amount of unpaid wages and/or unlawful deductions, as well as prejudgment interest, as provided under N.C. Gen. Stat. § 95-25.22(a) and (a1), as Defendants cannot show that their acts or omissions were done in good faith and that they had reasonable grounds for believing their acts or omissions were not a violation of the NCWHA.

72.     Plaintiff and members of the putative class are also entitled to an award of reasonable attorneys' fees and costs incurred in prosecuting this action, pursuant to N.C. Gen. Stat. § 95-25.22(d).

WHEREFORE, Plaintiff requests that the Court enter the following relief:

a.     An order authorizing the sending of appropriate notice to current and former couriers who worked for Defendants and who are potential members of the collective action under the Fair Labor Standards Act, giving them the opportunity to opt-in to this action;

16

b.      An order certifying the Class under Rule 23 to pursue the putative class members' North Carolina wage claims against Defendants, appointing Plaintiff as class representative and the undersigned counsel as class counsel;

c.      A declaratory judgment that Defendants have willfully and in bad faith violated the minimum wage and overtime provisions of the FLSA, and the wage payment and deduction provisions of the NCWHA, and have deprived Plaintiff and the members of the putative collective and class of their rights to such compensation;

d.      An award of monetary damages to Plaintiff and the members of the putative collective and class in the form of back pay for unpaid wages, reimbursement of all unlawful withholdings from Plaintiff's and the class members' wages, together with liquidated damages;

e.      Attorneys' fees and costs; and

f.      Such further relief as the Court deems just and proper.


**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY IN THIS MATTER.**

*       *       *

Respectfully submitted,


*/s/ Jeffrey B. Sand*
Jeffrey B. Sand
Ga. Bar No. 181568
THE WEINER LAW FIRM LLC
3525 Piedmont Road
7 Piedmont Center, 3rd Floor
Atlanta, Georgia 30305
Tel: (404) 205-5029
Fax: (866) 800-1482
js@atlantaemployeelawyer.com


Gilda   A.   Hernandez, *pro   hac   vice anticipated*
Michael B. Cohen, *pro hac vice anticipated*
THE LAW OFFICES OF GILDA A.
HERNANDEZ, PLLC
1020 Southhill Dr., Ste. 130
Cary, NC 27513
Tel: (919) 741-8693
Fax: (919) 869-1853
ghernandez@gildahernandezlaw.com
mcohen@gildahernandezlaw.com


Harold Lichten, *pro hac vice anticipated*
Matthew Thomson, *pro hac vice anticipated*
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
(617) 994-5801
hlichten@llrlaw.com

19

mthomson@llrlaw.com

Attorneys for Plaintiff


Dated:           February 16, 2018