IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TRISH KINCAID, on behalf of herself )
and others similarly situated, )
 )
Plaintiff, )
 )
v. )          CA No.: 1:18-CV-00707-AT
 )
COURIER EXPRESS/CHARLOTTE, )
INC., COURIER EXPRESS/RALEIGH, )
INC., COURIER EXPRESS FREIGHT, )
INC., COURIER EXPRESS US, INC., )
and IDEXX PHARMACEUTICALS, )
LLC, )
 )
Defendants. )
_____ )

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT IDEXX PHARMACEUTICALS, LLC'S MOTION TO DISMISS

## <u>TABLE OF CONTENTS</u>

I.  SUMMARY OF THE ARGUMENT .................................................................1

II.  STANDARD OF REVIEW ...........................................................................3

    A.  Federal Rules of Civil Procedure – Motion to Dismiss
    Standards ........................................................................................3

        1.  Fed. R. Civ. P. 12(b)(6)..................................................3

        2.  Fed. R. Civ. P. 23(c) ......................................................4

III.  ARGUMENT..............................................................................................5

    A.  Plaintiff's NCWHA Claims Pursuant to § 95-25.6 Is Not
    Preempted by The FLSA.......................................................................5

    B.  Plaintiff's NCWHA Claim Pursuant to § 95-25.8 for Illegally
    Withheld Wages Is Also Not Precluded by § 95-25.14(a).................11

IV.  CONCLUSION...........................................................................................16

# TABLE OF AUTHORITIES

**Cases**

*Aguilar-Gamas v. Scott Farms, Inc.*
  2014 WL 12769404 (E.D.N.C. Jan. 6, 2014) ........................................................9

*Amos v. Oakdale Knitting Co.*
  331 N.C. 348, 416 S.E. 2d 166 (N.C. 1992) ........................................................7

*Ancata v. Prison Health Services, Inc.*
  769 F.2d 700 (11th Cir.1985)...............................................................................4

*Anderson v. Sara Lee Corp.*
  508 F.3d 181 (4th Cir.2007)..................................................................................9

*Barton v. Pantry, Inc.*
  2006 WL 1367421 (M.D.N.C. May 17, 2006) ....................................................10

*Bonham v. Wolf Creek Acad.*
  767 F. Supp. 2d 558 (W.D.N.C.) ...........................................................................6

*Chandler v. The Cheesecake Factory Restaurants., Inc.*
  NO. COA07-809, 2008 N.C. App. LEXIS 516 (Jan. 9, 2008) .............................7

*Charlot v. Ecolab, Inc.*
  97 F.Supp.3d 40 (E.D.N.Y. 2015) .........................................................................8

*Coffey v. BASF Corp.*
  1999 U.S. Dist. LEXIS 22807 (W.D.N.C Sept. 24, 1999) ....................................7

*Comcast Corp. v. Behrend*
  569 U.S. 27 (2013)................................................................................................4

*Day v. Taylor*
  400 F.3d 1272 (11th Cir. 2005).............................................................................3

*Executive 100, Inc. v. Martin County*
  922 F.2d 1536 (11th Cir.1991)..............................................................................4

*Garcia v. Frog Island Seafood, Inc.*
  644 F. Supp. 2d 696 (E.D.N.C. 2009)..................................................................14

iii

*Gaxiola v. Williams Seafood of Arapahoe, Inc.*
  776 F. Supp. 2d 117 (E.D.N.C. 2011)....................................................................10

*Hanson-Kelly v. Weight Watchers Int'l, Inc.*
  2011 WL 2689352 (M.D.N.C. July 11, 2011) ........................................................9

*Hanson–Kelly v. Weight Watchers Int'l, Inc.*
  2011 WL 2689352 (M.D.N.C. July 11, 2011) ........................................................8

*Hendrick v. S. States Coop., Inc.*
  2010 U.S. Dist. LEXIS 104495 (E.D.N.C. Sept. 30, 2010)....................................6

*Herrera v. JFK Med. Ctr. Ltd. P'ship*
  648 Fed. Appx. 930 (11th Cir. 2016) .................................................................4, 5

*Huff v. N.D. Cass Co. of Ala.*
  485 F.2d 710 (5th Cir.1973)....................................................................................5

*Jones v. Philip Morris USA, Inc.*
  2004 US Dist. LEXIS 6224 (M.D.N.C. Apr. 7, 2004) ...........................................7

*Lima v. Stanley*
  2015 WL 4769546 (E.D.N.C. Aug. 12, 2015).........................................................9

*Lopez-Galvan v. Mens Wearhouse*
  2008 U.S. Dist. LEXIS 53456 (W.D.N.C. July 10, 2008)......................................7

*Luna-Reyes v. RFI Const., LLC*
  109 F. Supp. 3d 744 (M.D.N.C. 2015) ...................................................................8

*Martinez–Hernandez v. Butterball, LLC*
  578 F.Supp.2d 816 (E.D.N.C. 2008).......................................................................8

*McKeithan v. Novant Health, Inc.*
  2008 U.S. Dist. LEXIS 96739 (M.D.N.C. Nov. 25, 2008).....................................6

*McLaurin v. Prestage Foods, Inc.*
  271 F.R.D. 465 (E.D.N.C. 2010) .........................................................................10

*Mills v. Foremost Ins. Co.*
  511 F.3d 1300 (11th Cir.2008)................................................................................4

iv

*Queen v. RHA Health Servs.*
  2001 U.S. Dist. LEXIS 26118 (M.D.N.C. Jan. 22, 2001) .....................................7

*Rehberg v. Flowers Baking Co. of Jamestown, LLC*
  2015 WL 1346125 (W.D.N.C. Mar. 24, 2015).................................. 10, 11, 14, 15

*Romero v. Mountaire Farms, Inc.*
  796 F. Supp. 2d 700 (E.D.N.C. 2011)...................................................................9

*Scheuer v. Rhodes*
  416 U.S. 232 (1974) ...........................................................................................4

*Simmons v. United Mortgage & Loan, LLC*
  2008 U.S. Dist. LEXIS 43415 (W.D.N.C. May 30, 2008) .....................................6

*Spencer v. Hyde Cnty.*
  959 F. Supp. 721 (E.D.N.C. 1997).......................................................................7

*Strickland v. MICA Info. Sys.*
  800 F. Supp. 1320 (M.D.N.C. 1992) ..................................................................14

*Velasquez-Monterrosa v. Mi Casita Restaurants*
  2016 WL 1703351 (E.D.N.C. Apr. 27, 2016)........................................................9

*Wal–Mart Stores, Inc. v. Dukes*
  564 U.S. 338 (2011) ...........................................................................................4

*Whitehead v. Sparrow Enterprise, Inc.*
  167 N.C.App. 178, 605 S.E.2d 234 (2004).................................................... 6, 10

**Statutes**
N.C. Gen. Stat. § 24-1.........................................................................................3

N.C. Gen. Stat. § 95-25.1....................................................................................1

N.C. Gen. Stat. § 95-25.3............................................................................ passim

N.C. Gen. Stat. § 95-25.4............................................................................ passim

N.C. Gen. Stat. § 95-25.5....................................................................................2

N.C. Gen. Stat. § 95-25.6............................................................................ passim

N.C. Gen. Stat. § 95-25.7..................................................................................12

N.C. Gen. Stat. § 95-25.8 ............................................................................ passim

N.C. Gen. Stat. § 95-25.12 .......................................................................... 3

N.C. Gen. Stat. § 95-25.13 .......................................................................... 9

N.C. Gen. Stat. § 95-25.14 .......................................................................... passim

N.C. Gen. Stat. § 95-25.15 .......................................................................... 2, 8

N.C. Gen. Stat. § 95-25.22 .......................................................................... 3, 6, 9, 11

N.C. Gen. Stat. § 97-21 .............................................................................. 12

**Rules**

Fed. R. Civ. P. 12 ...................................................................................... 1, 3

Fed. R. Civ. P. 23 ...................................................................................... 1, 4, 9, 11

**Regulations**

13 N.C. Admin. Code 07F .0101 .................................................................. 12, 14

13 N.C. Admin. Code 12.0305 ...................................................................... 12, 13

29 C.F.R. § 531.26 ...................................................................................... 8

Plaintiff Kincaid, by and through undersigned counsel, respectfully submits this response in opposition to Defendant IDEXX Pharmaceutical's, LLC ("IDEXX's") motion to dismiss Plaintiff's individual and class claims under the North Carolina Wage and Hour Act, N.C. Gen. Stat. § 95-25.1 *et. seq*. ("NCWHA") (Count III) pursuant to Fed. R. Civ. P. 12(b)(6) and 23(d)(1) for failure to state a claim. *See* Dkt. 53 at 2. For the reasons set forth below, plaintiff respectfully requests that this Court deny Defendant IDEXX's motion.

## I.     SUMMARY OF THE ARGUMENT

In the complaint, Plaintiff raises three cognizable claims, a minimum wage and overtime claim under the Fair Labor Standards Act ("FLSA") and a third claim on behalf of herself and a putative class pursuant to the North Carolina Wage and Hour Act ("NCWHA") and Fed. R. Civ. P. 23, for Defendants' failure to pay Plaintiff and putative class members all of their earned and accrued wages (including their wages owed for each "run," or "shift," unpaid overtime wages, and for illegally withheld deductions from plaintiffs' wages.[1] *See* Dkt. 1 Compl. ¶¶ 64-69. Defendant IDEXX, however, mistakenly asserts that because it is subject to the FLSA, it is

---

[1] *See* cases cited at Section III, *infra*. Plaintiff understands Defendant IDEXX to be moving to dismiss all forms of Plaintiff's wage payment claim under the NCWHA. If the Court finds that there is ambiguity in the Complaint regarding Plaintiff's claim to recover unpaid overtime wages through the payday statute, Plaintiff asks that she be given leave to amend the complaint, to clarify her claims.

1

exempt from the NCWHA altogether pursuant to N.C. Gen. Stat. § 95-25.14 (a).[2] Additionally, Defendant IDEXX contends that because it is exempt from the NCWHA, Plaintiff attempts to circumvent this exemption by seeking recovery under N.C. Gen. Stat. §§ 95-25.6 and 95-25.8, which according to Defendant, simply requires employers to pay employees on their regular payday and ensure written authorization is obtained prior to, withholding a portion of an employee's wages, but that neither of these statutory provisions provides a vehicle for recovering disputed wages.  (*See* Dkt. 53 at 5.)   Defendant IDEXX is incorrect.

Contrary to Defendant's position, employers who are exempt under N.C. Gen. Stat. § 95-25.14 (a), are still required to comply with other applicable provisions of the NCWHA, such as the requirements for timely payment of ***all*** accrued wages and the section prohibiting illegal deductions from wages.  *See* N.C. Gen. Stat. § 95-25.6 (Wage Payment Provision) and § 95-25.8 (Deductions); *see also Luna-Reyes v. RFI Const., LLC*, 109 F. Supp. 3d 744, 753 (M.D.N.C. 2015); *Romero v. Mountaire Farms, Inc.*, 796 F. Supp. 2d 700, 710 (E.D.N.C. 2011) ("Plaintiffs' . . . payday claims[] for regular hourly wages and overtime[] are [not] preempted by the

---

[2]("The provisions of G.S. § 95-25.3 (Minimum Wage), G.S. § 95-25.4 (Overtime), and G.S. § 95-25.5 (Youth Employment), and the provisions of G.S. § 95-25.15 (b) (Record Keeping) as they relate to these exemptions, do not apply to: (1) Any person employed in an enterprise engaged in commerce or in the production of goods for commerce as defined in the Fair Labor Standards Act.")

FLSA….").   Specifically, IDEXX completely ignores N.C. Gen. Stat. § 95-25.22

(Recovery of unpaid wages) which states that:

> (a) Any employer who violates the provisions of [] G.S. § 95-25.6 through § 95-25.12 (Wage Payment) shall be liable to the employee or employees affected in the amount of . . . . . . their unpaid amounts due under G.S. § 95-25.6 through § 95-25.12, as the case may be, plus interest at the legal rate set forth in G.S. § 24-1, from the date each amount first came due. (a1) In addition to the amounts awarded pursuant to subsection (a) of this section, the court shall award liquidated damages in an amount equal to the amount found to be due as provided in subsection (a) of this section . . . .

*See id*.   Because Plaintiff's complaint contains cognizable legal claims pursuant to

the NCWHA on behalf of herself and a similarly situated putative class, this Court

should deny Defendant IDEXX's motion to dismiss.

## II.   <u>STANDARD OF REVIEW</u>

### A. Federal Rules of Civil Procedure – Motion to Dismiss Standards

1. <u>Fed. R. Civ. P. 12(b)(6)</u>

The district court may only grant a Rule 12(b)(6) motion to dismiss where it

is demonstrated "beyond doubt that the plaintiff can prove no set of facts in support

of his claim which would entitle him to relief." *Day v. Taylor*, 400 F.3d 1272, 1275

(11th Cir. 2005).   While a court is authorized to dismiss a complaint on the basis of

a dispositive issue of law, a complaint should not be dismissed unless it appears

beyond all doubt that the plaintiffs can prove no set of facts that would entitle them

to relief.   *Executive 100, Inc. v. Martin County,* 922 F.2d 1536, 1539 (11th

Cir.1991).   The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low.   *See Ancata v. Prison Health Services, Inc.,* 769 F.2d 700, 703 (11th Cir.1985).   Moreover, "[a] trial court is required to view the complaint in the light most favorable to the plaintiff."   *Scheuer v. Rhodes,* 416 U.S. 232 (1974).

### 2.   Fed. R. Civ. P. 23(c)

With respect to Fed. R. Civ. P. 23(c), the rule "directs a district court, "[a]t an early practicable time after a person sues or is sued as a class representative, ... [to] determine by order whether to certify the action as a class action." *Herrera v. JFK Med. Ctr. Ltd. P'ship*, 648 Fed. Appx. 930, 934 (11th Cir. 2016) (citing *Wal–Mart Stores, Inc. v. Dukes,* 564 U.S. 338 (2011)); *see also* Fed.R.Civ.P. 23(c)(1)(A). While it is sometimes possible to decide the propriety of class certification from the face of the complaint, *Mills v. Foremost Ins. Co.,* 511 F.3d 1300, 1309 (11th Cir.2008), the Supreme Court has emphasized that class certification is an evidentiary issue, and "it may be necessary for the court to probe behind the pleadings before coming to rest on the certification question." *Comcast Corp. v. Behrend,* 569 U.S. 27 (2013).

In fact, "the determination usually should be predicated on more information than the complaint itself affords.   The court may, and often does, permit discovery relating to the issues involved in maintainability, and a preliminary evidentiary

4

hearing may be appropriate or essential...." *Huff v. N.D. Cass Co. of Ala.,* 485 F.2d 710, 713 (5th Cir.1973).[2] After all, "class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Herrera,* 648 Fed. Appx. at 930.

Since Plaintiff's individual and class claims are permissible pursuant to the NCWHA, Defendant IDEXX's motion to dismiss should be summarily denied.

## III.   ARGUMENT

### A. Plaintiff's NCWHA Claims Pursuant to § 95-25.6 Are Not Preempted by the FLSA.

Defendant IDEXX contends that Plaintiff cannot pursue any claim for unpaid wages, including, but not limited to overtime or illegally withheld wages under the NCWHA, because N.C. Gen. Stat. § 95-25.14 (a)(1) "exempts companies from the NCWHA's coverage, if they are 'an enterprise engaged in commerce or in the production of goods for commerce as defined in the Fair Labor Standards Act.'" *See* Dkt. 53 at 8.  To support such a contention, IDEXX relies on authority that is entirely misplaced. *See* Dkt. 53 *generally*. To be clear, Plaintiff does *not* raise claims pursuant to N.C. Gen. Stat. § 95-25.3 (Minimum Wage) and § 95-25.4 (Overtime). As stated above, Plaintiff pursues an unpaid wages claim on behalf of herself and others similarly situated, for *any* wages they would have been entitled to, had they been correctly classified as employees rather than independent contractors, (i.e., daily rates or shift pay, overtime for hours worked in excess of 40 per week, and

illegally withheld wages) pursuant to N.C. Gen. Stat. § § 95-25.6, and 95-25.22, which provide a vehicle for such recovery of unpaid wages.

Specifically, Defendant's authority either relates to cases in which plaintiffs attempted to bring minimum wage and overtime claims pursuant to the North Carolina overtime statute itself or in which such NCWHA claims were dismissed because the allegations contained in the complaint were insufficient to support a right to relief. *See Hendrick v. S. States Coop., Inc*., No. 4:10CV12, U.S. Dist. LEXIS 104495, at \*22 (E.D.N.C. Sept. 30, 2010) (reiterating the exemption pursuant to § 95-25.4 when subject to the FLSA – makes no mention of § 95-25.6); *Simmons v. United Mortgage & Loan, LLC*, No. 3:07CV496, 2008 U.S. Dist. LEXIS 43415, at 5-7 (W.D.N.C. May 30, 2008), *aff'd in part and denied in part on other grounds*, 634 F.3d 754, 758-61, 768-69 (4th Cir. 2011) (Fourth Circuit affirmed the denial of plaintiff's unpaid wages claim under the NCWHA because "the facts in the complaint were insufficient to raise a right to relief above the speculative level"); *Bonham v. Wolf Creek Acad.*, 767 F. Supp. 2d 558, 565 – 566 (W.D.N.C.) (plaintiff's brought an overtime claim pursuant to N.C. Gen. Stat. § 95-25.4 and defendant was subject to the FLSA); *McKeithan v. Novant Health, Inc*., No. 1:08CV374, 2008 U.S. Dist. LEXIS 96739, at 3-7 (M.D.N.C. Nov. 25, 2008) (same) (citing *Whitehead v. Sparrow Enterprise, Inc.,* 167 N.C.App. 178, 183, 605 S.E.2d 234, 237 (2004) (§ 95.25.14(a)'s exemptions <u>do not cover</u> claims which address wage payment and

6

withholding of wages under section 95-25.6));[3]

Undeniably, IDEXX misconstrues Plaintiff's claims as well as the NCWHA generally.  Plaintiff *never* alleged that Defendant IDEXX violated the N.C. Gen. Stat. § 95-25.4 by failing to pay her overtime wages.  *See generally* Compl. ¶ ¶ 64-69.  Plaintiff's overtime claim is asserted under the FLSA and the NCWHA as part of her *entire* unpaid wages claim pursuant to N.C. Gen. Stat. § 95-25.6; Dkt.1 Compl. ¶¶64-65, for Defendants' failure to pay her and all putative class members all *owed, earned, and accrued wages*, which includes, but is not limited to, regular, straight, overtime wages, and illegally withheld wages in direct violation of N.C. Gen. Stat. §§ 95-25.6 and 95-25.8.  *See id.* ¶ 65.  This requirement is distinct from and not covered by the inapplicable overtime provision under N.C. Gen. Stat. § 95-25.4.

Moreover, IDEXX's contention ignores the plethora of authority already rejecting this very same argument it presents here.  *See Luna-Reyes, LLC*, 109 F.

---

[3] *Lopez-Galvan v. Mens Wearhouse*, No. 3:06CV537, 2008 U.S. Dist. LEXIS 53456, at *43 (W.D.N.C. July 10, 2008) ("[p]laintiff has made no specific allegations and presented no evidence regarding the numbers of hours that he worked. . . . ."); *Jones v. Philip Morris USA, Inc*., No. 1:03CV0012, 2004 US Dist. LEXIS 6224, *6-8 (M.D.N.C. Apr. 7, 2004) (plaintiff fails to specifically invoke an unpaid wage claim pursuant to § 95-25.6); *Queen v. RHA Health Servs.,* No. 1:00-CV-101, 2001 U.S. Dist. LEXIS 26118 (M.D.N.C. Jan. 22, 2001) (same); *Spencer v. Hyde Cnty*., 959 F. Supp. 721, 727-28 (E.D.N.C. 1997) (same); *Coffey v. BASF Corp*., No. 1:99CV144, 1999 U.S. Dist. LEXIS 22807, at *4-7 (W.D.N.C Sept. 24, 1999) (dismissed on other ground); *Amos v. Oakdale Knitting Co*., 331 N.C. 348, 353-55, 416 S.E. 2d 166, 169-70 (N.C. 1992) (same); *Chandler v. The Cheesecake Factory Restaurants., Inc*. NO. COA07-809, 2008 N.C. App. LEXIS 516, at *6-10 (Jan. 9, 2008) (same).

Supp. 3d at 752–53.[4]

> RFI [d]efendants also appear to argue that the FLSA preempts
> Luna–Reyes' NCWHA claim. North Carolina law itself provides
> for FLSA preemption of certain NCWHA claims. Under N.C.
> Gen.Stat. § 95–25.14, the FLSA preempts North Carolina's
> minimum-wage (§ 95–25.3), overtime (§ 95–25.4), and record-
> keeping (§ 95–25.15(b)) provisions. ***Luna–Reyes, though, brings***
> ***his NCWHA claim under § 95–25.6 (a "pay day" claim). The***
> ***FLSA does not preempt such claims***. (citations omitted.)

*See id*.

Indeed, courts have *countlessly* permitted employees to seek recovery of ***all***

wages, including unpaid overtime, under the NCWHA.[5]  *See Charlot v. Ecolab, Inc.,*

97 F.Supp.3d 40, 67 (E.D.N.Y. 2015) ("Unlike North Carolina overtime claims,

payday claims are not preempted by the FLSA pursuant to N.C. Gen. Stat. Ann. §

95–25.14(a)(1), which specifically limits such preemption to minimum wage,

overtime and recordkeeping claims."); *see also Hanson–Kelly v. Weight Watchers*

*Int'l, Inc.,* No. 1:10CV65, 2011 WL 2689352, at *4–5 (M.D.N.C. July 11, 2011)

(holding that plaintiff's § 95–25.6 claim is not preempted by the FLSA); *Martinez–*

*Hernandez v. Butterball, LLC,* 578 F.Supp.2d 816, 820 (E.D.N.C. 2008) (citing

---

[4]Undersigned counsel was also counsel in *Luna-Reyes*.

[5] The FLSA regulations also expressly allow the same: "Various . . . State and local
legislation . . . generally governs . . . the frequency and manner of paying [wages].
Where such legislation is applicable and does not contravene the requirements of the
[FLSA], nothing in the [FLSA], the regulations, or the interpretations announced by
the Administrator should be taken to override or nullify the provisions of these
laws."  29 C.F.R. § 531.26.

8

*Anderson v. Sara Lee Corp.,* 508 F.3d 181, 194 (4th Cir.2007) ("The Fourth Circuit did *not* conclude that the FLSA *generally* preempts North Carolina's Wage and Hour Act. Rather, the court distinguished the plaintiffs' FLSA-based claims from those invoking state substantive law, stating:  The [c]lass [m]embers do not contend ... that any North Carolina law entitles them to unpaid wages"); *Aguilar-Gamas v. Scott Farms, Inc.*, 2014 WL 12769404, at *3 (E.D.N.C. Jan. 6, 2014) ("There is no exemption in § 95-25.14 from the provisions of §§ 95-25.6, 95-25.13(1)-(2), or 95-25.22.   Accordingly, the exemptions of § 95-25.14 are not applicable here."); *Romero*, 796 F. Supp. 2d  at 710 ("Plaintiffs' . . . payday claims[] for regular hourly wages and overtime[] are neither preempted by the FLSA nor temporally limited in scope.")[6]; *see also Lima v. Stanley*, 5:14CV896-FL, 2015 WL 4769546, at *6 (E.D.N.C. Aug. 12, 2015) ("[s]imilar to the FLSA, the NCWHA permits a non-exempt employee to assert a claim against his covered employer for, among other

---

[6]Undersigned counsel was also co-lead counsel in *Romero*, *McLaurin*, and *Velasquez-Monterrosa v. Mi Casita Restaurants,* 5:14-CV-448-BO, 2016 WL 1703351, at *6 (E.D.N.C. Apr. 27, 2016), where the [c]ourt held that "the primary common question of fact [] [was] without limitation, whether defendants failed to pay current and former employees wages for all the hours they worked, especially those hours above and beyond forty per week." *Id*. The [c]ourt further found that common questions of law also predominated because the same operative facts underlying plaintiffs' FLSA claim also form the basis of plaintiffs' NCWHA claims. As such, the *Velaquez-Monterrosa* court certified plaintiff's wage and hour claims pursuant to the NCWHA and Fed R. Civ. P. 23.

9

things, unpaid wages. *See* N.C. Gen.Stat. § 95–25.6"); *Gaxiola v. Williams Seafood of Arapahoe, Inc.*, 776 F. Supp. 2d 117, 132 (E.D.N.C. 2011) ("[I]n every situation where defendants failed to pay the minimum wage, they also failed to pay the promised wage and therefore violated the NCWHA."); *McLaurin v. Prestage Foods, Inc.*, 271 F.R.D. 465, 471 (E.D.N.C. 2010) (permitting a claim "under North Carolina's 'payday statute,' N.C. Gen. Stat. § 95–25.6, involv[ing] standard claims for . . . overtime pay" to proceed, even where "the substance and basis of the FLSA claims and the state law claims are virtually indistinguishable."); *Barton v. Pantry, Inc.*, 2006 WL 1367421, at *2 (M.D.N.C. May 17, 2006) ("[p]laintiffs assert that their claim for unpaid wages under § 95-25.6, although based on the same set of facts, is distinct from their FLSA claims.  Specifically, [p]laintiffs' claims assert that . . . [defendant] failed to pay them earned wages in violation of the NCWHA [§ 95-25.6] . . . .[B]ecause the exemption contained in [§ 95-25.14] is specific to minimum wage and overtime claims, it does not preclude [p]laintiffs' claim under § 95-25.6 of the NCWHA."); *Whitehead*, 167 N.C. App. 178, 183, 605 S.E.2d at 234 (rejecting the argument that the plaintiff's wage claims under N.C. Gen. Stat. § 95-25.6 were exempted under § 95-25.14 (a)).

In fact, more recently, in *Rehberg v. Flowers Baking Co. of Jamestown, LLC*, 3:12-CV-00596-MOC, 2015 WL 1346125 (W.D.N.C. Mar. 24, 2015), the court was presented with facts nearly identical to those in the instant case. In that case,

10

plaintiffs, a group of bakery product distributors for defendant *Jamestown* (a wholly owned subsidiary of defendant *Flowers Foods*), filed suit, alleging violations of the FLSA and the NCWHA.  *Id.*  The *Rehberg* plaintiffs alleged they were misclassified by defendants as independent contractors, as opposed to employees, and were therefore entitled to certain benefits under the FLSA and the NCWHA, namely, time-and-a-half pay for hours worked in excess of forty (40) per week.  The court in *Rehberg* granted Rule 23 certification pursuant to the NCWHA, finding that common evidence existed, allowing the court to determine whether plaintiff and putative class members were properly classified as independent contractors, and whether they were denied payment of wages and overtime premium pay. *Id.* at *9. As such, there is no question, that Plaintiff's claims under § 95-25.6 are not preempted.

**B. Plaintiff's NCWHA Claim Pursuant to § 95-25.8 for Illegally Withheld Wages Is Also Not Precluded by § 95-25.14 (a).**

Similarly, as to Defendant IDEXX's argument that Plaintiff's individual and class claim for unauthorized deductions must also fail because to allow such claims to proceed would nullify § 95-25.14(a), as stated *supra* at 2, IDEXX overlooks the clear language of § 95-25.22, which specifically permits recovery of damages for violations relating to *both* §§ 95-25.6 and 95-25.8.  *Id.*

With respect to Plaintiff's claim under N.C. Gen. Stat. § 95-25.8, Plaintiffs are advancing such a claim to recover unlawfully deducted wages for mandatory

11

charges and costs that were imposed on Plaintiffs (*i.e.* which include, but are not limited to, vests and badges with Defendants' name, coolers for Defendants' specimens, GPS software required for Defendants' ability to track Plaintiffs, and workers' compensation insurance, (to protect materials and specimens that plaintiffs transported)). *See* § 13 NCAC 12.0305(g) ("Authorizations for deductions that are not permitted by law are invalid. For example: (1) N.C. Gen. Stat. § 97-21 invalidates agreements by an employee to pay any portion of a premium paid by his or her employer to a workers' compensation insurance carrier); *see also* (2) 13 NCAC 07F .0101(a)(2) *requires* the employer to provide, *at no cost to the employee*, all personal protective equipment *which the employee does not wear off the jobsite for use off the job*. If an employer withholds or diverts wages for purposes not permitted by law, the employer shall be in violation of G.S. 95- 25.6 or G.S. 95-25.7, or both, even if the employee authorizes the withholding in writing pursuant to G.S. 95-25.8(a), because that authorization is invalid.")). *See also Mountaire Farms, Inc.*, 796 F. Supp. 2d at 714 ("[p]laintiffs have alleged and made a sufficient showing that Mountaire, as a matter of policy, does not obtain any written authorization from employees before a deduction is taken from their wages. Plaintiffs allegations are sufficient to show that Mountaire's deduction practice is commonly employed in violation of N.C. Gen.Stat. § 95–25.8.)

　　　　Here, Defendants imposed illegal deductions from Plaintiffs' wages for

items that Defendants should have provided *free of charge,* as all items that Plaintiffs were required to pay for, were used *exclusively* for the courier work they performed on behalf of all Defendants. *See* Compl. ¶¶ 34–35; 39-41 (Defendants require Plaintiff and other couriers to wear a shirt or vest with a "Courier Express" logo, and they must have a "Courier Express" magnetic logo on their cars at all times while they work for Defendants; Courier Express Defendants require Plaintiff and other couriers to obtain certain equipment at their own expense, such as a cooler for storing any specimens; Plaintiff and other couriers did not receive their wages in cash or via direct deposit, but their weekly pay was loaded onto a "ComData" card that is similar to a debit card, and the couriers are charged in order to access the money loaded onto the card; Courier Express Defendants deduct various amounts from the couriers' pay on a weekly basis; for example, Courier Express Defendants deduct approximately $50 per week for "insurance" charges for a worker's compensation insurance policy, and they deduct an additional amount each week for use of their software application through which couriers receive their work assignments; and Plaintiff and other couriers pay a substantial amount of Courier Express Defendants' business expenses, such as the costs of fuel and vehicle maintenance.)    Given that these deductions were for items that should have been provided free of charge, Plaintiffs have a valid claim for the reimbursement of such deductions pursuant to the N.C. Gen. Stat. § § 95-25.6; 95-25.8; §13 N.C.A.C.12.0305(g); and 13 N.C.A.C 07F

.0101(a)(2).  Accordingly, if Defendants diverted Plaintiffs' wages for purposes not permitted by law, *i.e.*, via an unlawful deduction that should have been borne entirely by Defendants, they violated the NCWHA, irrespective of whether they otherwise complied with the written authorization requirements of § 95-25.8(a).

However, even if it could be demonstrated that such deductions were appropriate, (which Plaintiff vehemently disagrees with), Defendants were still obligated to comply with a number of requirements before making *any* deduction from Plaintiffs' wages, including, but not limited to, receiving written authorization from the affected employee that: (i) is signed on or prior to each payday for each pay period from which the deduction is to be made; (ii) indicates the reason for the deduction; and (iii) states the actual dollar amount or percentage of wages that is being deducted.  *See* N.C. Gen. Stat. § 95-25.8(a).  Failure to comply with these requirements is a violation of the NCWHA.  *See Garcia v. Frog Island Seafood, Inc.*, 644 F. Supp. 2d 696, 709-10 (E.D.N.C. 2009) (finding an employer in violation of § 95-25.8 when it "substantially complied" with the statute, but did not comply with all "technical requirements" of the statute); *Strickland v. MICA Info. Sys.*, 800 F. Supp. 1320, 1325 (M.D.N.C. 1992) (denying an employer's motion for summary judgment where the employee never authorized pay deductions in a signed writing, and the employer presented no evidence to the contrary).

Likewise, in *Rehberg,* the court found that plaintiff's NCWHA wage

14

deductions claim presented a common question of law and fact pursuant to N.C. Gen. Stat. § 95–25.8.   *Rehberg*, 3:12-CV-00596-MOC, 2015 WL 1346125 at 9. The plaintiffs had asserted that they had been improperly classified as independent contractors instead of employees, and as such, that they were covered by the NCWHA. *Id.*   The court found that plaintiffs had established a sufficient showing that defendants, as a matter of policy charged administrative and warehouse fees, which were deducted from distributors' weekly payments and alleged that defendants did not obtain any written authorization from employees before deducting such fees. *Id.*   While the *Rehberg* defendants argued that plaintiff's claims failed because distributors were not paid "wages" within the meaning of the NCWHA, the *Rehberg* court recognized that the entire premise of plaintiff's claims was that distributors were employees, *not* independent contractors, and that as such, they were entitled to certain benefits, including wages and allowed plaintiff's claim on wage deductions to stand.  *See id.*

In light of the abundance of authority permitting such unpaid wage claims to proceed and because Plaintiff has alleged that all Defendants, including Defendant IDEXX, as joint employers, failed to pay Plaintiff and members of the proposed class *all* wages[7], when due, which exceeds the requirements under the FLSA in

---

[7] NCWHA claims for unpaid wages, which include, but are not limited to unpaid regular, straight, overtime, and illegal deductions brought under § 95-25.6, and NOT § 95-25.3 or § 95-25.4.

15

violation of § 95-25.6, Plaintiff's NCWHA claims are neither preluded by § 95-25.14 (a) where an employer is otherwise covered by the FLSA, nor preempted by the FLSA.

## IV.   <u>CONCLUSION</u>

For these reasons, and those set forth above, each argument in Defendant IDEXX's Motion to Dismiss should be rejected and the Motion should be denied.

Respectfully submitted this 21st day of May, 2018.

Respectfully submitted,

*/s/ Gilda Adriana Hernandez*
Gilda A. Hernandez, *pro hac vice*
THE LAW OFFICES OF GILDA A. HERNANDEZ, PLLC
1020 Southhill Dr., Ste. 130
Cary, NC 27513
Tel: (919) 741-8693
Fax: (919) 869-1853
ghernandez@gildahernandezlaw.com

Jeffrey B. Sand
Ga. Bar No. 181568
THE WEINER LAW FIRM LLC
3525 Piedmont Road
7 Piedmont Center, 3rd Floor
Atlanta, Georgia 30305
Tel: (404) 205-5029
Fax: (866) 800-1482
js@atlantaemployeelawyer.com

Harold Lichten, *pro hac vice*
Matthew Thomson, *pro hac vice*
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000

16

Boston, MA 02116
(617) 994-5800
(617) 994-5801
hlichten@llrlaw.com
mthomson@llrlaw.com

*Attorneys for Plaintiff*

## <ins>CERTIFICATE OF SERVICE</ins>

I hereby certify that on May 21, 2018, the foregoing **PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT IDEXX PHARMACEUTICALS, LLC'S MOTION TO DISMISS,** was served in accordance with the Federal Rules of Civil Procedure on the following:

David F. Root (Ga. Bar No. 614125)
Abby C. Grozine (Ga. Bar No. 542723)
**CARLOCK COPELAND & STAIR, LLP**
191 Peachtree St., NE
Suite 3600
Atlanta, GA 30303
T: 404-522-8220
F: 404-523-2345
agrozine@carlockcopeland.com
droot@carlockcopeland.com

Rebecca Trenner, *pro hac vice anticipated*
Emily A. Quillen, *pro hac vice*
**SCOPELITIS GARVIN LIGHT HANSON & FEARY, P.C.**
10 West Market St.
Suite 1400
Indianapolis, IN 46204
T: 317-637-1777
F: 317-687-2414
rtrenner@scopelitis.com
equillen@scopelitis.com

Andrew J. Butcher, *pro hac vice*
**SCOPELITIS GARVIN LIGHT HANSON & FEARY, P.C.**
30 West Monroe St.
Chicago, IL 60603
Suite 600
T: 312-255-7200
F: 312-422-1224

18

abutcher@scopelitis.com

*Attorneys for Defendants Courier Express/Charlotte,
Inc., Courier Express/Raleigh, Inc., Courier Express
Freight, Inc., and Courier Express US, Inc.*

Lisa A. Schreter (Ga. Bar No. 629852)
**LITTLER MENDELSON, PC**
3344 Peachtree Road, NE
Suite 1500
Atlanta, GA 30326
T: 404-233-0330
F: 404-233-2361
lschreter@littler.com

*Attorney for Defendant IDEXX Pharmaceuticals, LLC*

Respectfully submitted,

*/s/ Gilda Adriana Hernandez*
Gilda A. Hernandez, *pro hac vice*
THE LAW OFFICES OF GILDA A.
HERNANDEZ, PLLC
1020 Southhill Dr., Ste. 130
Cary, NC 27513
Tel: (919) 741-8693
Fax: (919) 869-1853
ghernandez@gildahernandezlaw.com

Jeffrey B. Sand
Ga. Bar No. 181568
THE WEINER LAW FIRM LLC
3525 Piedmont Road
7 Piedmont Center, 3rd Floor
Atlanta, Georgia 30305
Tel: (404) 205-5029
Fax: (866) 800-1482
js@atlantaemployeelawyer.com

19

Harold Lichten, *pro hac vice*
Matthew Thomson, *pro hac vice*
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
(617) 994-5801
hlichten@llrlaw.com
mthomson@llrlaw.com