# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| Trish Kincaid, on behalf of herself and others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>Courier Express/Charlotte, Inc., Courier Express/Raleigh, Inc., Courier Express Freight, Inc., Courier Express US, Inc., and IDEXX Pharmaceuticals, LLC,<br><br>    Defendants. | CIVIL ACTION NO. 1:18-cv-00707-AT |

**DEFENDANT IDEXX PHARMACEUTICALS,
LLC'S REPLY IN SUPPORT OF ITS MOTION FOR
PARTIAL DISMISSAL OF PLAINTIFF'S COMPLAINT**

Plaintiff does not dispute that Defendant IDEXX Pharmaceuticals, LLC[1] ("IDEXX") is an enterprise engaged in commerce or in the production of goods

---

[1] IDEXX Pharmaceuticals, LLC is not licensed to do business in Georgia or North Carolina, does not do business in Georgia or North Carolina, and is not a proper defendant in this action. Though it did not maintain an employment or independent contractor relationship with any individual associated with the Defendants Courier Express/Charlotte, Inc., Courier Express/Raleigh, Inc., Courier Express Freight, Inc., and Courier Express US, Inc. (the "Courier Express Defendants"), including but not limited to Plaintiff Trish Kincaid ("Plaintiff"), the legal name of the entity that maintains laboratory facilities in Georgia and North Carolina is IDEXX Distribution, Inc.

under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"). As such, she cannot dispute that IDEXX is exempt under N.C. Gen. State § 95-25.14(a)(1) from the North Carolina Wage and Hour Act's ("NCWHA") minimum wage and overtime requirements.

Instead, Plaintiff attempts to save her NCWHA claims by muddying the waters, arguing that creatively labeling her state law claims, which undeniably seek overtime pay, as a "payday statute" claim under § 95-25.6 and/or a "deductions" claim under § 95-25.8, rather than as a claim under § 95-25.4 (the NCWHA's overtime provision), allows her to side step the NCWHA's exemption.  Such an interpretation of the NCWHA would render § 95-25.14(a)'s exemption meaningless, and must be rejected.  Plaintiff also argues she can recover straight time under the NCWHA, but neither §§ 95-25.6 nor 95-25.8 can be used to recover *disputed* additional wages like those underlying Plaintiff's claims.  Moreover, Plaintiff has failed to allege sufficient facts in her Complaint to support a claim that she, or anyone she purports to represent, has not received his or her agreed straight time wages.  Accordingly, the Court should grant IDEXX's Motion for Partial Dismissal and dismiss Plaintiff's NCWHA claims.

I.     ARGUMENT

    A.     **Plaintiff Cannot End Run § 95-25.14(a)(1)'s Overtime Exemption By Citing to §§ 95-25.6 and 95-25.8, as Opposed to § 95-25.4.**

N.C. Gen. Stat. § 95-25.14(a)(1) exempts employers covered by the FLSA, like IDEXX, from state law claims for minimum wage and overtime.[2] Plaintiff mistakenly asserts that IDEXX is arguing that, because it is covered by the FLSA, it is exempt from *all* claims under the NCWHA, not just those for unpaid minimum wage, unpaid overtime, youth employment, and recordkeeping expressly exempted by § 95-25.14(a)(1). (*See* Resp., Dkt. 57, at 1-2.) To the contrary, IDEXX readily acknowledges that while § 95-25.14(a)(1) exempts employers like it from the NCWHA's minimum wage and overtime requirements (and youth employment and recordkeeping requirements), it allows for unrelated claims under the NCWHA. However, as fully argued by IDEXX in its Motion for Partial Dismissal, that does not mean Plaintiff can disguise her state law claims for unpaid overtime as payday and/or deductions claims under §§ 95-25.6 and 95-25.8 in an attempt to avoid § 95-25.14(a)(1)'s express exemption of IDEXX from the NCWHA's

---

[2] "The provisions of G.S. 95-25.3 (Minimum Wage), G.S. 95-25.4 (Overtime), and G.S. 95-25.5 (Youth Employment), and the provisions of G.S. 95-25.15(b) (Record Keeping) as they relate to these exemptions, do not apply to: (1) Any person employed in an enterprise engaged in commerce or in the production of goods for commerce as defined in the Fair Labor Standards Act." N.C. Gen. Stat. § 95-25.14(a)(1).

3

overtime requirements.

Plaintiff tries to reframe her NCWHA claims by stating they are for unpaid "earned and accrued wages," and not for alleged unpaid overtime. (*See* Resp. at 1, 2, 5, 7.)  However, in doing so, Plaintiff expressly states that her state law claims for "earned and accrued wages" include "*unpaid overtime wages*." (*See id*. at 1 (emphasis added); *see also id*. at 7 (acknowledging that Plaintiff's "overtime claim is asserted under the FLSA and the NCWHA as part of her . . . claim pursuant to N.C. Gen. Stat. § 95-25.6 . . . for Defendants' failure to pay her and all putative class members all *owed, earned, and accrued wages*, which includes . . . overtime wages…." (emphases in original).)  While Plaintiff also argues that her NCWHA claims seek straight time wages, as discussed below, she cannot seek disputed straight time under the NCWHA and, in any event, has not sufficiently plead such claims.  *See*, Argument, *infra*, at Part I.B.  Moreover, the fact that Plaintiff argues that she is also seeking non-overtime wages under the NCWHA does not alter the fact that she is undeniably—and impermissibly—seeking to recover overtime wage under the NCWHA.

Refusing to cite to § 95-25.4, the NCWHA's overtime provision, and instead seeking to recover unpaid overtime via §§ 95-25.6 and 95-25.8 unencumbered by § 95-25.14(a)(1)'s overtime exemption is a tactic that has been rejected by several

4

courts, including this one. *See Rindfleisch v. Gentiva Health Servs., Inc.*, No. 1:10CV03288, 2013 WL 12106934, at *4 (N.D. Ga. Jan. 16, 2013) (J. Jones) (citations omitted) ("Therefore, allowing Plaintiffs to recover overtime wages under the NCWHA simply because they seek said wages under the payday statute as opposed to the overtime statute would be 'wholly incompatible' with the NCWHA's exemption provision."); *Queen v. RHA Health Servs., Inc.*, No. 1:00CV00101, 2001 U.S. Dist. LEXIS 26118, at *8 (M.D.N.C. Jan. 22, 2001) ("[A]ny interpretation of § 95-25.6 that would allow the same claims [for overtime compensation] to be made thereunder would overwhelm the exemption of § 95-25.14."); *Chandler v. The Cheesecake Factory Rests., Inc.*, No. COA07-809, 2008 N.C. App. LEXIS 516, at **6-9 (N.C. App. Jan. 9, 2008) (affirming dismissal of NCWHA claims because plaintiff could not use § 95-25.6 to avoid the minimum wage exemption under § 95-25.14); *see also Dillworth v. Case Farms Processing, Inc.*, No. 5:08CV1694, 2009 U.S. Dist. LEXIS 76947, at *9 (N.D. Ohio Aug. 27, 2009) ("[A]llowing Plaintiffs to recover unpaid overtime under the payday statute would be wholly incompatible with the exemption provision."). These courts recognize that interpreting § 95-25.6 to allow the recovery of otherwise exempted overtime would obliterate the express exemption the NCWHA affords to FLSA-covered employers and thwart the North Carolina legislature's intent to have such

claims covered solely by the FLSA.

Such an interpretation is also inconsistent with basic canons of statutory construction. Courts must read statutory provisions with reference to the whole law and avoid interpretations of particular provisions that are incompatible with the rest of the statute. *See King v. Burwell*, 135 S. Ct. 2480, 2492 (2015) (citing *United Sav. Assn. of Tex.* v. *Timbers of Inwood Forest Assocs., Ltd.*, 484 U. S. 365, 371 (1988)) ("A provision that may seem ambiguous in isolation is often clarified by the remainder of the statutory scheme . . . because only one of the permissible meanings produces a substantive effect that is compatible with the rest of the law."); *In re Mouzon Enters.*, 610 F.3d 1329, 1333 (11th Cir. 2010) (citing *Burns v. Lawther*, 53 F.3d 1237, 1240 (11th Cir. 1995)) (in determining the meaning of a law, "we . . . begin by looking to the provisions of the whole law, and . . . avoid interpretations contrary to the rest of the statutory scheme). Yet, that is what Plaintiff urges here. Permitting Plaintiff to recover overtime wages under the NCWHA's payday and/or deductions statutes is incompatible with its exemption provision, and would undermine the integrity of North Carolina's wage and hour statutory scheme as a whole. *See Dillworth*, 2009 U.S. Dist. LEXIS 76947, at *9.

While IDEXX's Motion explained this, Plaintiff fails to address this argument in her opposition. Instead, she argues simply that claims under §§ 95-

25.6 and 95-25.8 are separate and distinct, and properly include claims for unpaid overtime.  (*See* Resp. at 7.)  Plaintiff, however, relies on inapplicable decisions contrary to the well-reasoned cases and principals set forth above.

For example, Plaintiff suggests that several Rule 23 certification decisions support her proposition that her state law overtime claims are not exempt under § 95-25.14(a).  (*See* Resp. at 8-10.)  *See also Rehberg v. Flowers Baking Co. of Jamestown, LLC*, No. 3:12CV00596, 2015 WL 1346125 (W.D.N.C. Mar. 24, 2015); *Romero v. Mountaire Farms, Inc.*, 796 F. Supp. 2d 700 (E.D.N.C. 2011); *McLaurin v. Prestage Foods, Inc.*, 271 F.R.D. 465 (E.D.N.C. 2010); *Martinez-Hernandez v. Butterball, LLC*, No. 5:07CV174, 2008 U.S. Dist. LEXIS 111931 (E.D.N.C. Nov. 14, 2008).  These decisions are inapposite.  While they seem to presume that overtime is recoverable under § 95-25.6, none of them contain a discussion of the § 95-25.14(a) exemption.[3]  Accordingly, these decisions provide

---

[3] Though *Luna-Reyes v. RFI Construction, LLC* and *Romero v. Mountaire Farms, Inc.* discuss FLSA preemption, that is a distinct legal issue from the NCWHA's exemptions for certain employers.  *See Luna-Reyes*, 109 F. Supp. 3d 744, 752-53 (M.D.N.C. 2015) (payday claims not preempted by the FLSA); *Romero*, 796 F. Supp. 2d at 709-10 (same).  Relatedly, Plaintiff's citations to *Lima v. Stanley*, No. 5:14CV896, 2015 U.S. Dist. LEXIS 106092 (E.D.N.C. July 7, 2015) and *Charlot v. Ecolab, Inc.*, 97 F. Supp. 3d 40 (E.D.N.Y. 2014) (*see* Resp. at 8, 9) are inapposite, because the courts in those decisions stated that they need not address at that time the propriety of allowing plaintiffs to assert NCWHA claims in the alternative, though they acknowledge dismissal on preemption grounds may be possible later in the proceedings.

no guidance.

Additionally, *Luna-Reyes*, 109 F. Supp. 3d at 752-53, *Hanson-Kelly v. Weight Watchers International, Inc.*, No. 1:10CV65, 2011 U.S. Dist. LEXIS 74160, at **6-7, 9-10 (M.D.N.C. July 11, 2011), *Gaxiola v. Williams Seafood of Araphaoe, Inc.*, 776 F. Supp. 2d 117, 132 (E.D.N.C. 2011), and *Barton v. Pantry, Inc.*, No. 1:04CV748, 2006 U.S. Dist. LEXIS 31290, at **8-9 n.5 (M.D.N.C. May 17, 2006) (*see* Resp. at 7-8, 10), all merely suggest that, at least in some circumstances, straight-time wages that would not be recoverable under the FLSA may be sought under § 95-25.6. But there is no indication that these courts decided unpaid overtime claims under North Carolina law may proceed via § 95-25.6.

Plaintiff also cites several cases for the proposition that there is no exemption in § 95-25.14 for § 95-25.6, because § 95-25.6 is not specifically listed in § 95-24.14(a)(1). (*See* Resp. at 9, 10.) *See also Aguilar-Gamas v. Scott Farms, Inc.*, No. 5:13CV447, 2014 U.S. Dist. LEXIS 20928 (E.D.N.C. Jan. 6, 2014); *Whitehead v. Sparrow Enter.*, 167 N.C. App. 178, 187-88 (N.C. Ct. App. 2004). But these opinions simply make conclusory statements with no explanation and with no consideration for the interplay of the provisions of the NCWHA as a whole (as addressed above). Moreover, *Whitehead* is distinguishable because it does not address whether overtime wages can be recovered under § 95-25.6 when the

employer is subject to the FLSA, and it involved an alleged breach of an agreement to provide earned wages, which is not an allegation made by Plaintiff here. 167 N.C. App. at 187-88.

In short, the authority Plaintiff cites does not justify her attempt to circumvent the North Carolina legislature's clear intent to exempt employers from NCWHA overtime claims if they are already subject to the FLSA.[4]

### B. Plaintiff Cannot Seek Disputed Straight Time Wages Under §§ 95-25.6 or 95-25.8, and Even if She Could, She Failed to Plead Such Claims.

To the extent Plaintiff purports to rely on §§ 95-25.6 and 95-25.8 of the NCWHA to recover unpaid straight time wages, such use of these provisions is inappropriate, given the disputed nature of those wages in this case. As IDEXX explained in its Motion, the well-reasoned decisions in *Queen*, 2001 U.S. Dist. LEXIS 26118, at **3-12, and *McKeithan v. Novant Health, Inc.*, No. 1:08CV374,

---

[4] Plaintiff also attempts to distinguish the numerous cases in IDEXX's Motion where Courts found employers subject to the FLSA covered by § 95-25.14(a). (Resp. at 6-7.) She argues that plaintiffs in those cases specifically invoked the NCWHA's minimum wage and overtime provisions and that they are therefore distinguishable. (*Id*.) But IDEXX never claimed these decisions addressed using the payday statute to circumvent § 95-25.14(a)'s exemption. Rather, IDEXX cited them only for the general proposition that courts routinely rely on § 95-25.14(a) to exempt minimum wage and overtime claims when an employer is subject to the FLSA. (Mot., Dkt. 53, at 9-10.) That being said, there is certainly nothing in these decisions suggesting that employees can avoid the exemption by simply referring to § 95-25.6, rather than § 95-25.4, as Plaintiff argues.

2008 U.S. Dist. LEXIS 96739 (M.D.N.C. Nov. 25, 2008), found that § 95-25.6 does *not* provide an avenue to recover *disputed* straight time wages—it only requires employers to pay all *undisputed*, accrued wages on the designated payday. The issue of unlawfully withholding wages that were undeniably earned is "the wrong" that the payday statute is intended to address. *Buckner v. UPS*, No. 5:09-CV-411-BR, 2010 U.S. Dist. LEXIS 74102, at *7 (E.D.N.C. July 21, 2010) ("Section 95-25.6 requires an employer to pay wages when due."). The same is true for the deductions statute, which precludes employers from unlawfully deducting earned wages. Alleged non-payment of undisputed, accrued wages however, is not an issue in this case, because it is not pled by Plaintiff in her Complaint. Rather, per the Complaint, there is a dispute about Plaintiff's legal entitlement to additional wages. Plaintiff pleads that she and the putative class were all compensated "a set amount per 'run' or shift," and not paid an hourly wage. (Compl. ¶ 37.) Nowhere in the Complaint does Plaintiff allege that: (i) she and the putative class were not paid for all of their worked shifts/runs; (ii) these flat rate did not include compensation for all hours worked; or (iii) she and the putative class did not understand that all work was included in the compensation they received. (*See generally* Compl.) Furthermore, Plaintiff does not allege any facts in her Complaint supporting her claim that Defendants made unauthorized or

improper deductions—rather, the only fact she pleads about deductions are that they occurred. (Compl. ¶¶ 39-41.) As such, §§ 95-25.6 and 95-25.8, which are applicable solely to *undisputed* wages, do not provide avenues for Plaintiff to recover in this action.

Finally, Plaintiff spends a large portion of her Response arguing the merits of her NCWHA claim of unlawful deductions, including citing cases granting summary judgment on NCWHA deduction claims.[5] (Resp. at 11-15.) In doing so, however, Plaintiff did not respond to, and thus concedes, IDEXX's argument that she failed to state a § 95-25.8 claim under Fed. R. Civ. P. 12(b)(6), *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Regardless, as explained in the Courier Express Defendants' Partial Motion to Dismiss for Failure to State a Claim, the deductions specifically identified by

---

[5] Plaintiff also cites inapposite law in attempting to support the merits of her NCWHA deductions claim. For example, Plaintiff correctly quotes 13 N.C. Admin. Code 12.0305(g) to state that: "13 NCAC 07F .0101(a)(2) requires the employer to provide, at no cost to the employee, all personal protective equipment which the employee does not wear off the jobsite for use off the job." (*See* Resp. at 12.) However, section 07F.0101(a)(2) no longer exists. *See* 13 N.C. Admin. Code 07F.0101 (2018) ("The office of occupational safety and health is located in the Raleigh office of the North Carolina Department of Labor and is known as the OSHA Division. The mailing address of the office is: Division of Occupational Safety and Health, North Carolina Department of Labor, 413 N. Salisbury Street, Raleigh, North Carolina 27603-5942."). Moreover, there is no allegation here that Plaintiff had to wear any personal protective equipment to perform her work as a courier.

Plaintiff in the Complaint were properly authorized by her and not otherwise disallowed by law and, thus, could not even form the basis of a claim under § 95-25.8. (*See* Dkt. 52-1 at 8-17; Dkt. 62 at 7-10.)

## II. CONCLUSION

For all of the above reasons, IDEXX respectfully requests that this Court dismiss Plaintiff's individual and class NCWHA claims under Fed. R. Civ. P. 12(b)(6) and 23(d)(1).

Respectfully submitted, this 4th day of June, 2018.

*/s/ Richard W. Black*
Richard W. Black (Ga. Bar No. 355846)
rblack@littler.com
Lisa A. Schreter (Ga. Bar No. 629852)
lschreter@littler.com
LITTLER MENDELSON, P.C.
3344 Peachtree Road N.E., Suite 1500
Atlanta, GA 30326.4803
Telephone: 404.233.0330
Facsimile: 404.233.2361

Michael S. McIntosh (*pro hac vice*)
mmcintosh@littler.com
LITTLER MENDELSON, P.C.
1650 Tysons Blvd., Suite 700
McLean, VA 33102
Telephone: 703.286.3118

Attorneys for Defendant IDEXX Pharmaceuticals, LLC

## LOCAL RULE 7.1D CERTIFICATION

Pursuant to Local Rule 7.1D, the undersigned certifies that this filing complies with the font requirements of Local Rule 5.1C because this filing is prepared in Times New Roman, 14-point font.

> */s/ Richard W. Black*
> Richard W. Black
> Attorneys for Defendant IDEXX
> Pharmaceuticals, LLC

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| Trish Kincaid, on behalf of herself and others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>Courier Express/Charlotte, Inc., Courier Express/Raleigh, Inc., Courier Express Freight, Inc., Courier Express US, Inc., and IDEXX Pharmaceuticals, LLC,<br><br>        Defendants. | CIVIL ACTION NO. 1:18-cv-00707-AT |

**CERTIFICATE OF SERVICE**

    I hereby certify that on June 4, 2018, I electronically filed the foregoing **DEFENDANT IDEXX PHARMACEUTICALS, LLC'S REPLY IN SUPPORT OF ITS MOTION FOR PARTIAL DISMISSAL OF PLAINTIFF'S COMPLAINT** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

| | |
|---|---|
| Jeffrey B. Sand<br>THE WEINER LAW FIRM LLC<br>3525 Piedmont Road<br>7 Piedmont Center, 3rd Floor<br>Atlanta, Georgia 30305 | Andrew J. Butcher<br>SCOPELITIS GARVIN LIGHT<br>HANSON & FEARY, P.C.<br>30 West Monroe St., Suite 600<br>Chicago, IL 60603 |
| Gilda A. Hernandez<br>Michael B. Cohen<br>THE LAW OFFICES OF GILDA A. HERNANDEZ, PLLC | Emily A. Quillen<br>SCOPELITIS GARVIN LIGHT<br>HANSON & FEARY, P.C.<br>801 Cherry Street |

1020 Southhill Dr., Suite 130
Cary, NC 27513

Harold Lichten
Matthew Thomson
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116

Attorneys for Plaintiff Trish Kincaid

Fort Worth, TX 76102
Abby C. Grozine
David Frank Root
CARLOCK COPELAND & STAIR, LLP
191 Peachtree St., NE, Suite 3600
Atlanta, GA 30303

Attorneys for Defendants Courier Express/Charlotte, Inc., Courier Express/Raleigh, Inc., Courier Express Freight, Inc., and Courier Express US, Inc.

*/s/ Richard W. Black*
Richard W. Black
Attorneys for Defendant IDEXX Pharmaceuticals, LLC