IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
Case No.: 1:18-CV-00707-AT

TRISH KINCAID, on behalf of herself          )
and others similarly situated,               )
                                             )
Plaintiff,                                   )
                                             )
v.                                           )
                                             )
COURIER EXPRESS/CHARLOTTE,                   )
INC., COURIER EXPRESS/RALEIGH,               )
INC., COURIER EXPRESS FREIGHT,               )
INC., COURIER EXPRESS US, INC.,              )
and IDEXX PHARMACEUTICALS,                   )
LLC,                                         )
                                             )
Defendants.                                  )
_____             )

**[PROPOSED] ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION
FOR PRELIMINARY APPROVAL OF CLASS AND COLLECTIVE
ACTION SETTLEMENT; PROVISIONALLY CERTIFYING THE
SETTLEMENT CLASSES; APPOINTING PLAINTIFF'S COUNSEL AS
CLASS COUNSEL; APPROVING OF PLAINTIFF'S NOTICE OF
SETTLEMENT AND APPROVING RG2 CLAIMS ADMINISTRATION
LLC AS SETTLEMENT ADMINISTRATOR**

WHEREAS, Plaintiff Trish Kincaid and Defendants Courier
Express/Charlotte, Inc., Courier Express/Raleigh, Inc., Courier Express Freight,
Inc., Courier Express US, Inc. (the "Courier Express Defendants"), and IDEXX
Pharmaceuticals, LLC (together, "Defendants") have entered into the Settlement
Agreement of Class and Collective Action and Release of Claims ("Settlement
Agreement"), attached to this Order as Exhibit A, which is intended to resolve claims

asserted in this action by Plaintiff; and

WHEREAS, the Settlement Agreement, together with its exhibits, set forth the terms and conditions for a proposed settlement and dismissal with prejudice of this action against the Defendants;

WHEREAS, for purposes of settlement only, Plaintiff seeks the certification of the following opt-out settlement class pursuant to Fed. R. Civ. P. 23:

> **Putative Rule 23 Settlement Class**: All individuals who entered into an agreement with Courier Express/Charlotte, Inc. or Courier Express/Raleigh, Inc., to provide courier services to and performed courier services, pursuant to that agreement, as an independent contractor at any time between February 16, 2016, and the date the Settlement Agreement has been fully executed by the Parties.

WHEREAS, for purposes of settlement only, Plaintiff also seeks conditional certification of the following opt-in settlement collective action pursuant to Section 216(b) of the FLSA:

> **Putative FLSA Collective**: All individuals who entered into an agreement with Courier Express/Charlotte, Inc. or Courier Express/Raleigh, Inc., to provide courier services to and performed courier services, pursuant to that agreement, as an independent contractor at any time between February 16, 2015, and the date the

2

Settlement Agreement has been fully executed by the Parties.

WHEREAS, Plaintiff has requested that the Court enter an Order:   (1) asserting jurisdiction over the claims alleged, Plaintiff and Defendants ("the Parties") in this action, and the implementation and administration of the proposed Settlement Agreement; (2) adjudging the terms of the Settlement Agreement to preliminarily be fair, reasonable and adequate, and in the best interests of the Plaintiff, current opt-in plaintiffs, and members of the putative settlement classes, and direct consummation of its terms and provisions; (3) conditionally certifying the Putative FLSA Collective pursuant to Section 16(b) of the FLSA and conditionally certifying the Putative Rule 23 Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure, for settlement purposes only; (4) appointing the Plaintiff as Class Representative who, together with Class Counsel (as defined in the Settlement Agreement), shall be authorized to act on behalf of all members of the Settlement Classes with respect to the Plaintiff's claims asserted in this action and the proposed Settlement Agreement; (5) approving, as to form and content, the proposed Notice of Proposed Class and Collective Action Settlement ("Notice") and Claim Form and authorizing the delivery of the Notice and Claim Form to all members of the Settlement Classes by First Class U.S. Mail and text message and, under the limited circumstances set forth in Article V, Section 5 of the Settlement Agreement, by e-mail; (6) appointing Lichten & Liss-Riordan, P.C., the Law Offices

of Gilda A. Hernandez, PLLC, and the Weiner Law Firm LLC as Class Counsel for the Settlement Classes pursuant to Section 216(b) of the FLSA and Federal Rule of Civil Procedure 23; (7) approving and appointing RG2 Claims Administration LLC as the Settlement Administrator who will administrate this settlement; (8) setting a ninety (90) calendar day deadline (from the date the Notice and Claim Forms are postmarked to members of the Settlement Classes) for the execution and return of fully completed Claim Forms, requests for exclusion, or objections; and (9) scheduling a Final Approval Hearing for a date no sooner than  125 days after the date of this Order on  Plaintiff's Unopposed Motion for Preliminary Approval of Class and Collective Action Settlement ("Plaintiff's Motion for Preliminary Approval").

WHEREAS, the Court has before it, Plaintiff's Motion for Preliminary Approval and papers in support thereof, together with the Settlement Agreement and its Exhibits; and

WHEREAS, the Court is satisfied that the terms and conditions set forth in the Settlement Agreement were the result of good faith, arms' length settlement negotiations between competent and experienced counsel for Plaintiff and Defendants.

WHEREAS, having reviewed and considered the Settlement Agreement and accompanying Exhibits, the Plaintiff's Motion for Preliminary Approval, the

declaration(s) filed in support of the Plaintiff's Motion for Preliminary Approval, and having heard and considered the argument of counsel, the Court makes the findings and grants the relief set forth below, authorizing notice of the settlement contained in the Settlement Agreement upon the terms and conditions set forth in this Order.

**IT IS HEREBY ORDERED AS FOLLOWS:**

*Jurisdiction, Certification of Settlement Classes for Settlement Purposes, and Appointment of the Plaintiffs and Class Counsel*

1.    Capitalized terms used in this Order have the meanings assigned to them in the Settlement Agreement and this Order.

2.    The Court has jurisdiction over the subject matter of this action, including the claims asserted, Plaintiff, the members of the Putative FLSA Collective and Putative Rule 23 Settlement Class (together, the "Settlement Classes"), Defendants, and the implementation and administration of the Settlement Agreement.

3.    The terms of the Parties' Settlement Agreement, which was filed with the Court as Exhibit A to Plaintiff's Motion for Preliminary Approval (Dkt. 76-3), is preliminarily approved, subject to further consideration thereof at the Final Approval Hearing provided for below.  The Court finds that the settlement is sufficiently within the range of reasonableness and that notice of the proposed settlement should be given as provided in this Order.

4.     On the basis of the findings set forth below, the Court hereby conditionally certifies the following Putative FLSA Collective pursuant to Section 16(b) of the FLSA for settlement purposes only in accordance with the terms of the Settlement Agreement: All individuals who entered into an agreement with Courier Express/Charlotte, Inc. or Courier Express/Raleigh, Inc., to provide courier services and performed courier services, pursuant to that agreement, as an independent contractor at any time between February 16, 2015 and the date the Settlement Agreement was fully executed by the Parties.

5.     On the basis of the findings set forth below, the Court hereby conditionally certifies the following Putative Rule 23 Settlement Class pursuant to pursuant to Fed. R. Civ. P. 23 for settlement purposes only in accordance with the terms of the Settlement Agreement: All individuals who entered into an agreement with Courier Express/Charlotte, Inc. or Courier Express/Raleigh, Inc., to provide courier services and performed courier services, pursuant to that agreement, as an independent contractor at any time between February 16, 2016 and the date the Settlement Agreement was fully executed by the Parties.

6.     For the purpose of settlement only, the Court further conditionally finds that Plaintiff's Counsel are adequate to serve as Class Counsel and conditionally appoints Harold Lichten of Lichten & Liss-Riordan, P.C., Gilda A. Hernandez of the Law Offices of Gilda A. Hernandez, PLLC, and Jeffrey B. Sand

of Weiner & Sand, LLC, as Class Counsel for the Settlement Classes. Any member of the Settlement Classes who does not elect to be excluded may, but need not, enter an appearance through his or her own attorney.  Settlement Class members who do not enter an appearance through their own attorneys will be represented by Class Counsel.

7.     For the purposes of settlement only, the Court further conditionally finds that named Plaintiff Trish Kincaid, who is a named plaintiff in the Complaint, and current opt-in plaintiffs Matthew Kincaid, Brittnie Williams, and Scott Shelton, are the "Plaintiffs", as the term is defined in the Settlement Agreement.  Plaintiffs, together with Class Counsel, are hereby authorized to act on behalf of themselves and members of the Settlement Classes, including all Participating FLSA Settlement Class Members and Participating Rule 23 Settlement Class Members (as defined in the Settlement Agreement), with respect to the Action and the Settlement Agreement.

*Notice to Settlement Classes, Opt-In Procedure, and Appointment of Claims Administrator*

8.     The Court authorizes notice of the settlement set forth in the Settlement Agreement as it appears fair, reasonable, and adequate within the meaning of Fed. R. Civ. P. 23 and the Class Action Fairness Act of 2005 ("CAFA"), subject to final consideration thereof at the Final Approval Hearing provided for below.

9.      The Court approves as to form and content the Notice, Reminder Postcard and Claim Form, attached as Exhibits A, B, and C to the Plaintiffs' Motion for Preliminary Approval, respectively, and the manner of notice set forth in Article V of the Settlement Agreement;

10.     The manner and forms of Notice to be sent to members of the Putative Settlement Classes set forth in Article V of the Settlement Agreement are hereby approved and the provisions thereof are hereby incorporated into this Order so that upon entry of this Order, the Parties are directed to ensure that the Notice is disseminated according to the terms of Article V, Section 5 of the Settlement Agreement.

11.     Members of the Putative Settlement Classes are authorized to receive a settlement payment only by timely submitting a properly completed Claim Form to the Settlement Administrator via U.S. Mail, fax, or email so that it is postmarked, if received by U.S. Mail, or received, if sent by fax or email, on or before the date ninety (90) calendar days after the date on which the Settlement Administrator postmarks or texts the Notice and Claim Form to the members of the Putative Settlement Classes, in accordance with the terms of the Settlement Agreement.  The Claim Form must be completed in accordance with the instructions in the Notice and Claim Form, and comply with the requirements set forth in the Notice and Settlement Agreement.  All members of the Putative Settlement Classes who fail to comply with

these requirements shall be forever barred from receiving any settlement payment pursuant to the Settlement set forth in the Settlement Agreement. Moreover, all members of the Putative Rule 23 Settlement Class who fail to comply with these requirements and do not formally exclude themselves from the Rule 23 Settlement Class shall be forever barred from receiving any settlement payment set forth in the Settlement Agreement, but will in all other respects be subject to and bound by the provisions of the Settlement Agreement, the releases contained therein, and the Final Judgment.

12.     Prior to the Final Approval Hearing, the Plaintiffs and/or the Settlement Administrator shall serve and file a sworn statement attesting to compliance with the Settlement Agreement.

### _Requests for Exclusion from the North Carolina State Law Settlement Class_

13.     Members of the Putative Rule 23 Settlement Class may request exclusion from the Rule 23 Settlement Class and the Settlement. All written requests by members of the Putative Rule 23 Settlement Class to exclude themselves from the Settlement or submit an objection must be returned by First-Class U.S. Mail to the Settlement Administrator so that it is postmarked no later ninety (90) calendar days after the date on which the Settlement Administrator postmarks or texts the Notice and Claim Form to the members of the Putative Settlement Classes. A written request seeking exclusion must expressly assert that he or she wishes to be excluded

from the Settlement. Such written statements should state at the top of the letter "Request for Exclusion from Settlement in *Kincaid, et al. v. Courier Express/Charlotte, Inc., et al.*, No. 1:18-cv-00707-AT," and should include the name, address, telephone number, and signature of the individual requesting exclusion from the Settlement.

14. Members of the Rule 23 Settlement Class may not exclude themselves by filing requests for exclusion as a group or class, but must in each instance individually and personally execute a request for exclusion and timely transmit it to the Settlement Administrator in accordance with the terms of the Settlement Agreement.

15. In the event the Settlement receives final approval, any member of the Putative Rule 23 Settlement Class who does not properly and timely request exclusion shall be bound by all the terms and provisions of the Settlement Agreement, the final approval order, the final judgment, and the releases set forth therein, and will be deemed to have waived all objections and opposition to the fairness, reasonableness, and adequacy of the Settlement, whether or not such person objected to the Settlement and whether or not such person made a claim upon, or participated in, the Settlement. All members of the Putative Rule 23 Settlement Class who do not timely and validly request to be excluded would be enjoined from proceeding against the Defendants for the claims made in the Complaint.

16.    All members of the Putative Rule 23 Settlement Class who submit valid and timely notices of their intent to be excluded from the Rule 23 Settlement Class: (i) shall not have any rights under the Settlement Agreement; (ii) shall not be entitled to receive a settlement payment; and (iii) shall not be bound by the Settlement Agreement, any final approval order, or the final judgment.  Such individuals are not permitted to submit a Claim Form or to consent to participate in Plaintiffs' FLSA claims in the Action.

### *Objections to the Settlement*

17.    Consistent with the Settlement Agreement, members of the Putative Rule 23 Settlement Class who have not requested exclusion and wish to object to the Settlement must file a written objection with the U.S. District Court for the Northern District of Georgia setting forth the nature of his or her objection, and the arguments supporting the objection, and serve copies of the objection to Class Counsel and Defense Counsel.  Any objections must be filed and served prior to the initial Final Approval Date set forth in the Notice.  To the extent that any objection is filed in advance of the Final Approval Hearing, the Parties may file a written response to the objection as time permits.  Unless otherwise permitted by the Court, objecting Rule 23 Settlement Class Members shall not be entitled to speak at the hearing on the Final Approval Date unless they have timely filed and served a written objection. Any Rule 23 Settlement Class Member who has properly and timely submitted

objections may appear at the Final Approval Date hearing, either in person or through a lawyer retained at their own expense. Any Rule 23 Settlement Class Members who fail to file and serve a timely written objection shall be deemed to have waived any objection and shall be foreclosed from objecting to this Settlement.

*Approval and Appointment of Settlement Administrator*

18.    The Court approves and appoints RG2 Claims Administration LLC ("RG2") to serve as the neutral, third-party Settlement Administrator in accordance with the terms of the Settlement Agreement and this Order. The Court HEREBY ORDERS and AUTHORIZES RG2 to perform the administrative duties specified herein.

## I.    Issue Notice of Settlement

First, the Court ORDERS RG2 to issue the approved Notice, Claim Form, and an I.R.S. Form W-9 to all members of the Putative Settlement Classes, as defined above. To that end, RG2 shall:

1.    Accept receipt of Putative Class Member Information (as defined in Article I, Section 31 of the Settlement Agreement) and shall keep that information confidential in accordance with the terms of Article V, Section 4 of the Settlement Agreement;

2.     Update the provided addresses for all members of the Putative Settlement Classes using the National Change of Address database in accordance with the terms of Article V, Section 5 of the Settlement Agreement;

3.     Prepare, format, print, and disseminate by First-Class U.S. Mail and via text message the Notice and Claim Form approved by the Court, together with a blank I.R.S. Form W-9 and a pre-addressed, postage-paid return envelope, and follow-up on any undeliverable Notices and Claim Forms, in accordance with the terms of Article V, Section 5 of the Settlement Agreement;

4.     Resend the approved Notice and Claim Form where appropriate in accordance with the terms of Article V, Section 7 of the Settlement Agreement; and

5.     Forty-Five (45) days after the initial mailing and texting of the Notice and Claim Form, send the short "Reminder Notice" agreed to by the Parties and approved by the Court to all Putative FLSA Collective Members and all Putative Rule 23 Settlement Class Members who have not yet submitted a Claim Form via U.S. First Class Mail, e-mail, or text message in accordance with the terms of Article V, Section 8 of the Settlement Agreement.

## II.     Collect Required Forms and Requests for Exclusion

The Court FURTHER ORDERS RG2 to collect the Court-approved Claim Forms and I.R.S. Form W-9s returned by members of the Putative Settlement Class who wish participate in the Settlement and to receive Settlement Payments, as well

as to collect written requests for exclusion by members of the Putative Rule 23 Settlement Class who do not wish to participate in the proposed settlement. As part of these tasks, RG2 shall:

1.      Establish and maintain a P.O. Box, e-mail account, and fax number for receipt of Court-approved Claim Forms and I.R.S. Form W-9s, as well as requests for exclusion and other communications from the members of the Putative Settlement Classes;

2.      Correct deficiencies in received Claim Forms and I.R.S. Form W-9s in accordance with the terms of Article V, Section 9 of the Settlement Agreement; and

3.      Contact any members of the Putative Rule 23 Settlement Class who timely and properly submit both (i) a written request for exclusion, and (ii) a Claim Form, or objections to the proposed settlement, to inform such individuals that they cannot both request exclusion from the Settlement and submit a Claim Form and/or object to the settlement, and ask such individuals which option they wish to pursue.

## III.    Establish and Distribute Funds from a Qualified Settlement Fund

Additionally, the Court ORDERS that, following the issuance of an Order from this Court, if any, granting final approval to the Parties' proposed settlement, and after the Effective Date of the Parties' proposed settlement, as defined in Article 1, Section 16 of the Settlement Agreement, RG2 shall take the necessary steps, consistent with the Court-approved settlement, to distribute Individual Settlement

Amounts (as defined in Article 1, Section 20 of the Settlement Agreement) to members of the Settlement Classes, as well as to make any other Court-authorized payments under the Settlement.  This shall include:

1.    Setting up a Qualified Settlement Fund ("QSF") and accepting distribution by Defendants of the of the Gross Settlement Amount, as set forth in Article IV, Section 1 of the Settlement Agreement, into that fund in accordance with the terms of Article V, Section 12 of the Settlement Agreement;

2.    Paying Court-authorized awards of Class Counsel's Fees and Expenses (as set forth in Article IV, Section 4 of the Settlement Agreement), if any, from the QSF, and issuing I.R.S. Form 1099s to Class Counsel for such payments, in accordance with the terms of Article V, Section 12 of the Settlement Agreement;

3.    Paying Court-authorized Service Awards to the Plaintiffs (as set forth in Article IV, Section 3 of the Settlement Agreement), if any, from the QSF, and issuing I.R.S. Form 1099s to Plaintiffs for such payments, in accordance with the terms of Article IV, Section 5 and Article V, Section 12 of the Settlement Agreement;

4.    Determining the costs of RG2's own services and expenses in connection with the administration of the Settlement prior to the mailing of the Settlement Notice, in accordance with the terms of Article IV, Section 5 and Article V, Section 13 of the Settlement Agreement;

5.      Calculating the amount of the Individual Settlement Amounts in accordance with the terms of Article IV, Section 2 of the Settlement Agreement;

6.      Receiving and maintaining the Individual Settlement Amounts to be distributed to Participating Rule 23 Settlement Class Members and Participating FLSA Collective Members who have submitted a valid and timely Claim Form;

7.      Determining which members of the Putative Rule 23 Settlement Class and Putative FLSA Collective are participating in the Settlement and are authorized to receive Individual Settlement Amounts;

8.      Performing all tax reporting duties required by federal, state, or local law, in accordance with the terms of Article IV, Section 5 of the Settlement Agreement;

9.      Preparing and sending, by U.S. Mail, Individual Settlement Amounts to Participating Rule 23 Settlement Class Members and Participating FLSA Collective Members who have submitted a valid and timely Claim Form in accordance with the terms of Article IV, Sections 2 and 5, and Article V, Section 12 of the Settlement Agreement;

10.     Preparing and sending, by U.S. Mail, I.R.S. Forms 1099 to Participating Rule 23 Settlement Class Members and Participating FLSA Collective Members who have submitted a valid and timely Claim Form, following the issuance of

Individual Settlement Amounts, in accordance with the terms of Article IV, Section 5 of the Settlement Agreement;

11.     Providing copies of each negotiated settlement check to Defendants;

12.     Voiding and placing stop-payments on Individual Settlement Amount checks that are not negotiated within one hundred-eighty (180) calendar days after being mailed to by Participating Rule 23 Settlement Class Members or Participating FLSA Collective Members, or that are reported as potentially stolen or lost by a Participating Rule 23 Settlement Class Member or Participating FLSA Collective Member;

13.     Resending undeliverable Individual Settlement Amount checks in accordance with the terms of Article V, Section 12 of the Settlement Agreement;

14.     Within one-hundred eighty (180) days after mailing the Individual Settlement Amount checks, preparing and sending to Courier Express and Class Counsel an accounting of the settlement distribution that identifies any checks issued but not cashed and, within seven (7) days of providing this accounting, issuing a check to the *cy pres* beneficiaries identified in Article V, Section 14 in accordance with the terms of that Section of the Settlement Agreement.

## IV.   Mail Copies of Order Granting Final Approval to Settlement

In the event that the Court grants final approval to the Parties' proposed settlement, and after the Effective Date of the Parties' proposed settlement, as

defined in Article I, Section 16 of the Settlement Agreement, as part of the distribution of Individual Settlement Amounts, the Court FURTHER ORDERS RG2 to send each member of the Settlement Classes, in accordance with the terms of Article V, Section 12 of the Settlement Agreement, a letter approved by Class Counsel and Defense Counsel explaining that the settlement has received final approval and the claims released by the recipient, along with the URL for a website where the recipient can access a copy of the order granting final approval.

## V.     Reporting Activities to the Parties

RG2 is HEREBY ORDERED to regularly report to the Parties, in written form, the substance of the work it performs in this matter pursuant to this Order and the Settlement Agreement in accordance with the terms of Article V, Section 10 of the Settlement Agreement. This shall include informing the Parties of the dates RG2 mails the Notice to members of the Putative Settlement Classes, when it distributes and funds from the QSF, and when it mails the Court's order granting final approval to the proposed settlement, if any.

Specifically, in accordance with the terms of Article V, Section 10 of the Settlement Agreement, RG2 shall provide Class Counsel and Defense Counsel, as soon as practicable following the deadline for returning Claim Forms, and the resolution of any deficient submissions, but before the date of the Final Approval Hearing, with a declaration of due diligence and proof of mailing or transmittal with

regard to the sending of the Notice and Claim Form.  Class Counsel shall bear the responsibility of filing this declaration with the Court prior to the Final Approval Date.

To allow the Parties and the Court to evaluate the work performed by RG2 in this matter, RG2 is also ORDERED to maintain records of all activities associated with its settlement administration duties pursuant to this Order and the Settlement Agreement, including: (i) records reflecting the dates of all mailings to members of the Putative Settlement Classes; (ii) records reflecting the dates of all materials and inquiries received in connection with the proposed settlement (whether by U.S. Mail, fax, text, e-mail, or telephone); (iii) the original mailing envelope for any returned Notice, any claim forms received, any written requests for exclusion, or any other correspondence received from members of the Putative Settlement Classes; (iv) logs or date-stamped copies showing the dates and times of receipt of tax or claim forms received by fax; (v) the original copies of any U.S. mail, text or email communications with any members of the Putative Settlement Classes.

## VI.   Miscellaneous

MOREOVER, the Court ORDERS that from the mailing of the Notice, through one-hundred eighty (180) days following the final distribution of funds from the QSF to Participating Rule 23 Settlement Class Members or Participating FLSA Collective Members, RG2 shall establish and maintain a toll-free telephone number

for inquiries from Putative Settlement Class members regarding the notice and distribution process.

The Court FURTHER ORDERS that counsel for all Parties have the right to review and approve any documents to be mailed by RG2 in connection with the proposed settlement prior to their mailing, and RG2 may not mail any such documents without first receiving written approval from counsel for the Parties or direction from the Court to send such documents.

RG2 is FURTHER ORDERED to take reasonable steps to protect the disclosure of any and all personal information concerning members of the Putative Settlement Classes provided to RG2 by counsel for the Parties, including but not limited to Putative Class member Information (as defined in Article I, Section 31 of the Settlement Agreement). This includes maintaining reasonable administrative, physical, and technical controls in order to avoid public disclosure of any such information and to protect the confidentiality, security, integrity, and availability of such personal data in accordance with the terms of Article V, Section 4 of the Settlement Agreement). It further and specifically includes holding the Putative Class Member Information in strictest confidence and not disclosing or divulging it to Class Counsel, unless a Putative Rule 23 Settlement Class Member or Putative FLSA Collective Member has contacted Class Counsel and requests that Class Counsel communicate with the Settlement Administrator on his or her

behalf or is requesting legal information relating to the Settlement terms and agreement.

Finally, RG2 is ORDERED to perform whatever additional tasks that are agreed to by all Parties, and which are reasonably necessary to effectuate the issuance of the Court-authorized Notice, to collect and track the Claim Forms submitted by members of the Putative Settlement Classes, and requests for exclusion from those Putative Rule 23 Settlement Class members who wish to exclude themselves from the proposed settlement, and, if it is later granted final approval, to distribute funds associated with the settlement in accordance with the terms of the Settlement Agreement.

### *The Final Approval Hearing*

22.    Pursuant to Rule 23(e) of the Fed. R. Civ. P., the Court will hold a hearing to determine whether the Settlement Agreement and its terms are fair, reasonable and in the best interests of the members of the Settlement Classes, and whether a final judgment as to Plaintiff's claims as provided in the Settlement Agreement should be entered granting final approval of the Settlement (the "Final Approval Hearing").

23.    At the Final Approval Hearing, the Court shall also determine whether, and in what amount, attorney's fees, costs, and expenses should be awarded to Class Counsel, and whether, and in what amount, service awards should be made to

Plaintiffs.

24.     The Final Approval Hearing is hereby scheduled to be held before this Court on the ___ day of _____ 2019 **[DATE AT LEAST 125 DAYS AFTER THE DATE OF THIS ORDER]**, at ___:__0__.M. in Courtroom __ of the Richard B. Russell Federal Building, 75 Ted Turner Drive, Atlanta, Georgia 30303.

25.     The date and time of the Final Approval Hearing shall be set forth in the Notice, but the Final Approval Hearing shall be subject to adjournment by the Court without further notice to the members of the Putative Rule 23 Settlement Class other than that which may be posted by the Court.

26.     Only members of the Putative Rule 23 Settlement Class members who have filed and served timely notices of objection in accordance with the terms of Article V, Section 6 of the Settlement Agreement and this Order shall be entitled to be heard at the Final Approval Hearing.  Any member of the Putative Rule 23 Settlement Class who does not timely file and serve an objection in writing to the Settlement, entry of Final Judgment, or to Class Counsel's application for fees, costs, and expenses or to service awards, in accordance with the procedure set forth in the Notice and mandated in this Order, shall be deemed to have waived any such objection by appeal, collateral attack, or otherwise.

## *Other Provisions*

27.     Each and every time period and provision of the Settlement Agreement

shall be deemed incorporated herein as if expressly set forth and shall have the full force and effect of an Order of this Court.

28.     The costs of settlement administration shall be paid as set forth in Article V, Section 13 of the Settlement Agreement.

29.     Certification of the Settlement Classes is a conditional certification for settlement purposes only.  If the Settlement Agreement is terminated pursuant to the terms of the Settlement Agreement, or this Court does not grant final approval of the Settlement Agreement, or the Settlement is not consummated or fails to become effective for any reason whatsoever, the conditional certification of the Settlement Classes shall automatically be cancelled and shall be void, any collective or class actions certified solely for purposes of the Settlement shall be decertified pursuant to the terms of Article III, Sections 3 and 5 of the Settlement Agreement, and the Defendants shall have reserved all of their rights to challenge the propriety of collective action certification or class action certification for any purpose, including the opposition to any and all class or collective certification motions in this action, to contest the adequacy of any Plaintiff as representative of the Putative Settlement Classes, and to contest the adequacy of Plaintiff's counsel as adequate Class Counsel.  Additionally, Plaintiffs reserve all of their rights, including the right to continue with the litigation as set forth in the Settlement Agreement, should the Settlement Agreement not be consummated.

30.    For all the reasons stated in the Plaintiff's Motion for Preliminary Approval, immediately following the entry of this Order, all members of the Putative Rule 23 Settlement Class shall be enjoined pursuant to 28 U.S.C. § 1651(a) from initiating or proceeding with any and all suits, actions, causes of action, claims, or demands in federal or state court based on alleged violations of the FLSA or any North Carolina State law (including statutory, regulatory, and common law) pertaining to hours of work or payment of wages, including without limitation all claims that were or could have been asserted in the above-captioned case by or on behalf of couriers who worked for the Courier Express Defendants within the time period applicable to the Putative Rule 23 Settlement Class.  This injunction shall remain in effect through the dismissal of this case, as defined herein.

**SO ORDERED**, this _____ day of _____

_____
THE HONORABLE AMY TOTENBERG
UNITED STATES DISTRICT JUDGE