# EXHIBIT

# A

# Settlement Agreement and Release

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| TRISH KINCAID, on behalf of herself and others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>COURIER EXPRESS/CHARLOTTE, INC., COURIER EXPRESS/RALEIGH, INC., COURIER EXPRESS FREIGHT, INC., COURIER EXPRESS US, INC., and IDEXX PHARMACEUTICALS, LLC,<br><br>    Defendants. | Case No. 1:18-cv-00707-AT |

## SETTLEMENT AGREEMENT OF CLASS AND COLLECTIVE ACTION AND RELEASE OF CLAIMS

## TABLE OF CONTENTS

I.   DEFINITIONS ........................................................................................1

II.  RECITALS ..........................................................................................11

    1.   Procedural History of the Action .....................................................11

    2.   Settlement Negotiations and Mediation ...........................................12

    3.   Class Representative's Claims ........................................................12

    4.   Discovery, Investigation, and Research ...........................................13

    5.   Allegations of the Class Representative and Benefit of Settlement ...13

III. APPROVAL OF SETTLEMENT AND DISMISSAL OF ACTION ...............17

    1.   Cooperation .....................................................................................17

    2.   Fair, Adequate, and Reasonable Settlement.....................................17

    3.   Unopposed Motion for Preliminary Approval of Settlement .............17

    4.   Preliminary and Final Orders ...........................................................18

    5.   Failure to Procure Approval ............................................................19

IV.  SETTLEMENT CONSIDERATION .......................................................20

    1.   Gross Settlement Amount ................................................................20

    2.   Method of Allocation .......................................................................21

    3.   Plaintiffs' Service Awards ...............................................................22

    4.   Class Counsel's Fees and Expenses .................................................23

    5.   Tax Treatment of Individual Settlement Amounts, Service Awards, and Attorneys' Fees Payments ...............................................................23

V.   SETTLEMENT ADMINISTRATION ......................................................25

    1.   Selection and Approval of Settlement Administrator ........................25

    2.   Notice to Settlement Class Members ................................................25

    3.   Sending of CAFA Notice .................................................................25

    4.   Confidentiality of Putative Class Member Information......................26

    5.   Contents and Procedure for Sending Notice to Settlement Class Members ..........................................................................................26

6.      Deadline for Submitting Claim Forms, Objections, and Requests for Exclusion ..................................................................................27

7.      Re-sending Notice to Settlement Class Members ..............................30

8.      Reminder Notice...............................................................................31

9.      Correcting Deficiencies in Consent Forms and I.R.S. Form W-9s.....31

10.     Administrator's Duty to Keep Parties' Informed...............................32

11.     Time for Payment of Gross Settlement Amount.................................32

12.     Time for Payment of Individual Settlement Amounts, Service Awards, and Attorneys' Fees and Expenses.....................................................33

13.     Costs of Settlement Administration ..................................................34

14.     Cy Pres Amount ...............................................................................34

VI. RELEASE OF CLAIMS ....................................................................................35

1.      Claims Released by Plaintiffs ...........................................................35

2.      Claims Released by Both Rule 23 Settlement Class Members and Participating FLSA Collective Members ............................................38

3.      Claims Released by Participating FLSA Collective Members ...........39

4.      Effective Date of Releases ................................................................40

VII.    NON-ADMISSION AND CONFIDENTIALITY ........................................40

1.      Non-Admission ................................................................................40

2.      Media or Press .................................................................................41

VIII.   DUTIES OF THE PARTIES .......................................................................41

IX. CONSTRUCTION ............................................................................................43

1.      Construction of Terms......................................................................43

2.      Invalidation......................................................................................43

3.      Captions and Interpretations............................................................43

X.  MODIFICATION .............................................................................................43

4.      Modification ....................................................................................44

5.      Integration Clause............................................................................44

XI. MISCELLANEOUS ..........................................................................................44

1.      Signatory Authorization to Settle .....................................................44

2.      Execution in Counterparts .................................................................44

3.      Non-Disparagement..........................................................................45

4.      Non-Solicitation ...............................................................................45

5.      No Right to Reengagement or Hire....................................................45

6.      Court Jurisdiction Over Settlement ..................................................46

7.      Governing Law...................................................................................46

8.      Attorney Fees, Costs and Expenses ..................................................46

9.      Different Facts...................................................................................46

10.     No Prior Assignments .......................................................................47

# SETTLEMENT AGREEMENT OF CLASS AND COLLECTIVE ACTION AND RELEASE OF CLAIMS

This Settlement Agreement of Class and Collective Action and Release of Claims is entered into by Plaintiff, Trish Kincaid, individually and as representative of the Rule 23 Settlement Class and Participating FLSA Collective Members, as defined below, Early Opt-ins Matthew Kincaid, Brittnie Williams, and Scott Shelton, and Defendants, Courier Express/Charlotte, Inc., Courier Express/Raleigh, Inc., Courier Express Freight, Inc., Courier Express US, Inc., and IDEXX Pharmaceuticals, LLC. This Agreement is subject to approval by the United States District Court for the Northern District of Georgia and is made for the sole purpose of consummating the settlement of this Action on a collective- and class-wide basis subject to the following terms and conditions. As detailed below, in the event the Court does not enter an order granting final approval of the Settlement in substantially the same form and substance set forth below, the Court's order granting final approval of the Settlement is appealed and reversed, or the conditions precedent are not met for any reason, this Settlement is void and of no force whatsoever.

## I.    DEFINITIONS

1.    **Action.** "Action" shall mean the civil action in Court, styled *Trish Kincaid v. Courier Express/Charlotte, Inc., et al.*, Case No. 1:18-cv-00707-AT.

2.    **CAFA Notice.** "CAFA Notice" refers to the notice, subject to review by Defense Counsel and Class Counsel, to be sent by the Settlement Administrator

on behalf of Defendants to appropriate federal and state officials pursuant to the requirements of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715(b).

3.    **Class Counsel.** "Class Counsel" shall mean Lichten & Liss-Riordan, P.C., the Law Offices of Gilda A. Hernandez, PLLC, and the Weiner Law Firm LLC.

4.    **Class Counsel Fees and Expenses.** "Class Counsel Fees and Expenses" shall mean Class Counsel's attorneys' fees, costs, and expenses as set forth in Article IV, Section 4 (Settlement Consideration – Class Counsel Fees and Expenses).

5.    **Class Representative.** "Class Representative" shall mean Trish Kincaid.

6.    **Complaint.** "Complaint" shall mean the Collective and Class Action Complaint filed in the Court on February 16, 2018 in this Action.

7.    **Claim Form:**  A written form to be mailed to all Putative Rule 23 Settlement Class Members and Putative FLSA Collective Members which must be completed and returned to the Settlement Administrator pursuant to the terms below in order to receive payment.  The Claim Form shall also state that the individual agrees to participate as a party plaintiff in the Fair Labor Standards Act ("FLSA")

claims brought in the Action pursuant to 29 U.S.C. § 216(b) and agrees to be bound by the release of FLSA Claims described in Article VI below.

8.    **Costs of Administration.** "Costs of Administration" shall mean and include all fees, costs, and expenses charged by the Settlement Administrator in connection with the Action.

9.    **Courier Express.**    "Courier Express" shall mean Courier Express/Charlotte, Inc., Courier Express/Raleigh, Inc., Courier Express Freight, Inc., and Courier Express US, Inc.

10.    **Court.** "Court" shall mean the United States District Court for the Northern District of Georgia.

11.    **Early Opt-Ins.** "Early Opt-ins" shall mean Matthew Kincaid, Brittnie Williams, and Scott Shelton.

12.    *Cy Pres* **Amount.** "*Cy Pres* Amount" shall be the amount associated with any checks sent to Participating Rule 23 Settlement Class Members or Participating FLSA Collective Members that remain uncashed 180 days after mailing.

13.    **Defendant Releasees.** "Defendant Releasees" shall mean Defendants and Defendants' present and former parent companies, subsidiaries, divisions, related or affiliated companies, owners, shareholders, officers, directors, employees, consultants, agents, attorneys, insurers, successors and assigns, any

individual or entity which could be jointly liable with Defendants, and all other persons acting under the supervision, direction, control or on behalf of any of the foregoing.

14.     **Defendants.** "Defendants" shall mean Courier Express and IDEXX.

15.     **Defense Counsel.** "Defense Counsel" shall mean Scopelitis, Garvin, Light, Hanson, and Feary P.C. and Carlock Copeland as to Courier Express, and Littler Mendelson, P.C. as to IDEXX.

16.     **Effective Date.** "Effective Date" shall be the date when all of the following events have occurred: (a) this Settlement Agreement has been executed by all Parties and by Class Counsel and Defense Counsel; (b) the Court has given preliminary approval to the Settlement; (c) notice has been given to the Putative Rule 23 Settlement Class Members and Putative FLSA Collective Members providing them with an opportunity to submit Claim Forms or opt out of the Settlement; (d) the Court has held a hearing on the Final Approval Date and entered a final order and judgment certifying the Settlement Class, approving this Settlement Agreement, and dismissing the Action with prejudice; and (e) the latest of the following events: (i) the expiration of the period for filing any appeal, writ, or other appellate proceeding opposing the Settlement has elapsed without any appeal, writ or other appellate proceeding having been filed; (ii) the dismissal of any appeal, writ, or other appellate proceeding opposing the Settlement with no

right to pursue further remedies or relief; and (iii) the issuance of a final appellate order upholding the Court's final order with no right to pursue further remedies or relief.

17.     **Final Approval Date.** "Final Approval Date" shall mean the final hearing date held to ascertain the fairness, reasonableness and adequacy of the Settlement. The Final Approval Date shall be set by the Court, but in no event shall be scheduled prior to the required time frame set forth in CAFA, and notice of such hearing shall be provided to the Putative Rule 23 Settlement Class Members in the Notice, although such hearing may be continued by the Court without further notice to Putative Rule 23 Settlement Class Members, other than those who properly and timely file objections to the Settlement.

18.     **Gross Settlement Amount.** "Gross Settlement Amount" means the total gross amount to be paid by Courier Express on behalf of all Defendants to settle the Released Claims and the additional claims released by the Participating FLSA Collective Members (*see* Article IV, *infra*), along with Class Counsel Fees and Expenses, the aggregate of the Individual Settlement Amounts, Service Awards, Mediation Expenses, and Costs of Administration, up to a maximum of $1,600,000.00.  In no event shall any Defendant be required to pay any amount beyond the Gross Settlement Amount.

19.     **IDEXX**. "IDEXX" shall mean IDEXX Distribution, Inc. and Defendant IDEXX Pharmaceuticals, LLC.

20.     **Individual Settlement Amounts.** "Individual Settlement Amounts" shall mean the amount distributed to each Participating Rule 23 Settlement Class Member from the Net Settlement Amount in exchange for the Released Claims, and, where such individual is also a Participating FLSA Collective Member, in exchange for the release of their FLSA claims, and the other promises and covenants made herein.

21.     **Mediation Expenses.** "Mediation Expenses" shall mean the fees, costs, and expenses charged to the Parties by mediator Hunter Hughes in connection with the August 8, 2018 mediation in the Action.

22.     **Net Settlement Amount:** "Net Settlement Amount" means the remainder of the Gross Settlement Amount after deductions for Class Counsel Fees and Expenses, Service Awards, Mediation Expenses, along with the Costs of Administration.

23.     **Notice.** "Notice" shall mean the Notice to Putative FLSA Collective Members and Putative Rule 23 Settlement Class Members agreed upon by counsel and approved by the Court, which is to be delivered by the Claims Administrator via First-Class U.S. Mail, e-mail, and/or text message to Putative Rule 23 Settlement Class Members and Putative FLSA Collective Members.

24. **Participating FLSA Collective Members:** "Participating FLSA Collective Member" means a Putative FLSA Collective Member who submits a timely and valid Claim Form to the Settlement Administrator.

25. **Participating Rule 23 Settlement Class Member.** "Participating Rule 23 Settlement Class Member" shall mean any Rule 23 Settlement Class Member who submits a timely and valid Claim Form to the Settlement Administrator.

26. **Parties.** "Parties" shall mean Plaintiffs and Defendants.

27. **Plaintiffs.** "Plaintiffs" shall mean the Class Representative and Early Opt-ins.

28. **Preliminary Approval Order.** "Preliminary Approval Order" means the order granting preliminary approval of the Settlement, approving the Settlement Administrator, and approving the Notice to Putative Class Members.

29. **Putative FLSA Collective Member:** "Putative FLSA Collective Member" means an individual who entered into an agreement with Courier Express/Charlotte, Inc. or Courier Express/Raleigh, Inc., to provide courier services and performed courier services, pursuant to that agreement, as an independent contractor at any time between February 16, 2015 and the date this Agreement has been fully executed by all Parties.

30. **Putative Rule 23 Settlement Class Member.** "Putative Rule 23 Settlement Class Member" means an individual who entered into an agreement with Courier Express/Charlotte, Inc. or Courier Express/Raleigh, Inc., to provide courier services and performed courier services, pursuant to that agreement, as an independent contractor at any time between February 16, 2016, and the date this Agreement has been fully executed by all Parties.

31. **Putative Class Member Information.** "Putative Class Member Information" shall mean a password protected CD-ROM or DVD disc marked "Confidential-Claims Administrator's Eyes Only" that Defense Counsel provides to the Settlement Administrator that includes an electronic, encrypted spreadsheet containing the following information on each Putative Rule 23 Settlement Class Member and each Putative FLSA Collective Member: (1) his or her name; (2) last known address; (3) last known telephone number; (4) dates of contract between February 16, 2015 and the date this Settlement Agreement has been fully executed by all Parties; and (5) an identification number Courier Express associated with each Putative Rule 23 Settlement Class Member and each Putative FLSA Collective Member.

32. **Released Claims.** "Released Claims" shall mean any and all wage and hour claims and causes of action, whether known or unknown, at law or in equity, whether arising under common law or federal, state, and/or local law, statute,

ordinance, regulation, or any other source of law, including the North Carolina Wage and Hour Act, N.C. Gen. Stat. § 95-25.1, *et seq.* (the "North Carolina Wage Act"), ***but not including the Fair Labor Standards Act, 29 U.S.C. § 201, et seq.,*** which Putative Rule 23 Settlement Class Members and Putative FLSA Collective Members asserted in the Action, or could have asserted in the Action, against the Defendant Releasees, including, but not limited to, claims arising out of, derived from, or related to the facts and circumstances alleged in the Complaint, and including all wage and hour related claims, demands, rights, liabilities, and/or causes of action of any nature and description whatsoever for wages, bonuses, commissions, overtime, vacation pay, severance pay, and any related damages, costs, penalties, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, equitable relief, or any other relief related to any alleged failure to pay all wages or other compensation owed, or properly record or credit hours worked. This shall specifically include any claims of alleged unjust and/or improper (1) classification as an independent contractor, non-employee, or any other classification as exempt from minimum wage and/or overtime laws; (2) deductions from compensation and/or wages; (3) failure to pay minimum wages; (4) failure to provide proper pay stubs or other records related to hours worked, wages earned, and/or payroll deductions; (5) failure to pay, indemnify, and/or reimburse for work-related expenses; (6) failure to pay all wages when due; (7)

failure to calculate and/or pay overtime compensation; (8) failure to pay all monies owed for work performed in breach of express contract or labor agreement, implied contract, or *assumpsit*, or in violation of the doctrines of *quantum meruit*/unjust enrichment, fraud, negligent misrepresentation, equitable estoppel, promissory estoppel, or conversion; (9) failure to keep and maintain any records as required under applicable wage and hour laws; (10) failure to provide benefits or other amounts under any compensation or benefit plan, program, arrangement, or agreement based on any alleged failure to pay wages, including but not limited to minimum wages or overtime wages; and (11) retaliation for complaining about alleged violations of any wage and hour law. The releases in this paragraph include all federal, state, and local statutory claims and common law claims related to hours worked and unpaid wages, but it does not include claims based on the FLSA or any other claims that may not be waived as a matter of law.

33.     **Rule 23 Settlement Class.** "Rule 23 Settlement Class" means all Putative Rule 23 Settlement Class Members who do not timely request exclusion from the Settlement.

34.     **Rule 23 Settlement Class Member.** "Rule 23 Settlement Class Member" shall mean any Putative Rule 23 Settlement Class Member who does not timely request exclusion from the Settlement, or if such person is incompetent or deceased, the person's legal guardian, executor heir, or successor-in-interest.

35.    **Service Awards.** "Service Awards" shall mean any additional monetary payment provided to the Plaintiffs for their efforts on behalf of the Rule 23 Settlement Class and Putative FLSA Collective Members in this Action, as set forth in Article IV, Section 3 (Settlement Consideration – Plaintiffs' Service Awards).

36.    **Settlement.** "Settlement" shall mean the Settlement between the Parties, which is memorialized in this Settlement Agreement.

37.    **Settlement Administrator.** "Settlement Administrator" shall be a qualified neutral, independent, third-party settlement administration firm selected by Class Counsel and approved by Defense Counsel and the Court.

38.    **Settlement Agreement.** "Settlement Agreement" shall mean this Settlement Agreement of Class and Collective Action and Release of Claims, including any attached exhibits.

## II.    RECITALS

1.    **Procedural History of the Action**. Plaintiff Trish Kincaid initiated the Action on February 16, 2018 in the Court. On March 5, 2018, Matthew Kincaid and Brittnie Williams each filed a Consent to File Suit as Plaintiff. On May 7, 2018, Courier Express filed an Answer and Affirmative Defenses and a Partial Motion to Dismiss for Failure to State a Claim. On May 7, 2018, IDEXX filed a Motion for Partial Dismissal of Plaintiff's Complaint. On June 8, 2018, Scott Shelton filed a

Consent to File Suit as Plaintiff. On June 20, 2018, the Court granted the Parties Joint Motion Requesting a Stay of Litigation and administratively closed the Action through August 28, 2018, to allow the Parties to participate in non-binding mediation.

2. **Settlement Negotiations and Mediation**. On June 20, 2018, the Parties entered into a Confidential Mediation Agreement whereby a mediation procedure was established that included data production by Courier Express of weekly pay records, contract start and end dates, and other compensation data for every Putative Rule 23 Settlement Class Member and Putative FLSA Collective Member, at that time. Plaintiffs and Defendants each submitted a mediation statement to the mediator and each other. The Parties attended mediation on August 8, 2018, before mediator Hunter Hughes, a nationally recognized class- and collective-action wage and hour mediator, at his offices in Atlanta, Georgia. The mediation and follow-up discussions thereto resulted in this Settlement Agreement.

3. **Class Representative's Claims**. The Complaint alleges that Courier Express misclassified the Putative Rule 23 Settlement Class Members and Putative FLSA Collective Members as independent contractors and asserts claims for alleged (1) minimum wage violations under the FLSA, (2) overtime wage violations under the FLSA, (3) and unpaid wages and unlawful deductions under the North Carolina Wage Act. The Class Representative believes she has meritorious claims based on

these alleged violations of federal and North Carolina law, and that collective and class certification is appropriate because the requisites for certification can be satisfied. Defendants have denied and continue to deny any liability to Plaintiffs and the Putative Class and have raised various defenses to the claims.

4.      **Discovery, Investigation, and Research**. Class Counsel conducted an investigation into the facts during the prosecution of the Action. This discovery and investigation has included, among other things (a) multiple meetings and conferences with the Class Representative; (b) inspection and analysis of documents produced by the Class Representative; (c) analysis of the legal positions taken by Defendants; (d) investigation into the viability of class treatment of the claims; (e) analysis of potential class-wide damages; (f) research of the applicable law with respect to the claims and potential defenses thereto; (g) inspecting and analyzing over 2.7 gigabytes of electronic data produced by Defendants prior to mediation; and (h) participating in a full day mediation with Hunter Hughes.

5.      **Allegations of the Class Representative and Benefit of Settlement**. The Class Representative has vigorously prosecuted this case, and Defendants have vigorously contested it. The factual investigation conducted in this matter, and discussions between Class Counsel and Defense Counsel, have been adequate to give the Class Representative and Class Counsel a sound understanding of the merits of their positions and to evaluate the potential worth of the claims of the Putative

Class. This Settlement was reached with the assistance of an experienced mediator, Hunter Hughes, after arm's-length settlement discussions and exchange of information over a period of several months, culminating in an agreement between the Parties. The discovery conducted in this Action and the information exchanged by the Parties are sufficient to reliably assess the merits of the Parties' respective positions and to compromise the issues on a fair and equitable basis.

The Class Representative and Class Counsel believe that the claims allegations and contentions asserted in the Action have merit. However, the Class Representative and Class Counsel also recognize and acknowledge the risk inherent in any litigation, as well as the expense and delay of continued lengthy proceedings necessary to prosecute the Action against Defendants through trial and through appeals. Class Counsel has taken into account the uncertain outcome of the litigation, the risk of continued litigation in complex actions such as this, as well as the difficulties and delays inherent in such litigation, and the potential difficulty of obtaining certification of the Action as well as trying the claims of the Putative Class. Class Counsel is mindful of the potential problems of proof under, and possible defenses to, the claims alleged in the Action.

Class Counsel believes that this Settlement confers substantial benefits upon the Participating FLSA Collective Members and the Rule 23 Settlement Class Members and that an independent review of this Settlement by the Court in the

approval process will confirm this conclusion. Based on their own independent investigation and evaluation, Class Counsel has determined that the Settlement set forth in the Settlement Agreement is in the best interests of the Putative FLSA Collective Members and Putative Rule 23 Settlement Class Members.

6.    **Defendants' Denial of Wrongdoing and Liability**. Defendants have denied and continue to deny each and all of the claims and contentions alleged by the Class Representative in the Action. Defendants have expressly denied and continue to deny all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts, or omissions alleged in the Action. Defendants contend that they complied in good faith with the FLSA and North Carolina Wage Act, properly classified Putative Rule 23 Settlement Class Members and Putative FLSA Collective Members under applicable state and federal laws and have dealt legally and fairly with Putative Rule 23 Settlement Class Members and Putative FLSA Collective Members. IDEXX also denies that there is any basis in law or fact to find that it misclassified or jointly employed Plaintiffs or any Putative Rule 23 Settlement Class Members and/or Putative FLSA Collective Members. Defendants further deny that, for any purpose other than settling this Action, these claims are appropriate for class or collective treatment. Nonetheless, Defendants have concluded that further proceedings in the Action would be protracted and expensive and that it is desirable that the Action be fully and finally settled in the manner and

upon the terms and conditions set forth in this Settlement Agreement in order to dispose of burdensome and protracted litigation, and to permit the operation of Defendants' businesses without further expensive litigation and the distraction and diversion of their personnel with respect to matters at issue in the Action. Defendants have also taken into account the uncertainty and risks inherent in any litigation, especially in complex cases such as the Action. Defendants have, therefore, determined that it is desirable and beneficial to them that the Action be settled in the manner and upon the terms and conditions set forth in this Settlement.

7.     **Class Certification, Conditional Certification, and Appointment of Class Counsel**. For the purposes of this Settlement only, the Parties stipulate to certification of the Rule 23 Settlement Class pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3). Defense Counsel believes this certification is appropriate because the Released Claims are being compromised without the need to establish the elements of those claims on which liability turns.

The Parties also stipulate to conditional certification of a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), comprised of all Putative FLSA Collective Members, and the sending to all Putative FLSA Collective Members notice of the option to join the FLSA claims in the Action solely for the limited purposes of this Settlement by submitting a Claim Form. For purposes of this Settlement and subject to the Court's approval, the Parties hereby stipulate to the

appointment of Class Counsel as counsel for the Rule 23 Settlement Class and Participating FLSA Collective Members and the effectuation of the Settlement.

Therefore, in consideration of the mutual promises contained herein and other good and valuable consideration, the receipt of which is hereby acknowledged, the Parties do hereby settle, compromise, and resolve any and all claims specified herein, except with respect to enforcement of this Agreement, as follows:

## III.   APPROVAL OF SETTLEMENT AND DISMISSAL OF ACTION

1.   **Cooperation.**   The Parties agree to cooperate and take all steps necessary to accomplish and implement the terms of this Settlement Agreement.

2.   **Fair, Adequate, and Reasonable Settlement.**   The Parties agree that the Settlement is fair, adequate, and reasonable and will so represent to the Court.

3.   **Unopposed Motion for Preliminary Approval of Settlement.** Within 21 days after the execution of this Agreement, Plaintiffs will move the Court to (a) preliminarily approve the Settlement Agreement; (b) solely for purposes of the Settlement, conditionally certify this Action as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b) and a North Carolina Wage Act class action pursuant to Fed. R. Civ. P. 23; and (c) approve a Proposed Notice and Claim Form to Putative Rule 23 Settlement Class Members and Putative FLSA Collective Members. Defendants shall not oppose this motion, provided that they are afforded the opportunity to review and approve, and have approved, the form and substance of

the motion and supporting papers in advance of filing.  The Parties agree that in the event that the Settlement fails to receive final approval from the Court, or otherwise fails to become effective, any collective or class actions certified solely for purposes of the Settlement shall be decertified and the Action returned to the *status quo ante*.

4.     **Preliminary and Final Orders.**     The unopposed Motion for Preliminary Approval of Settlement will ask the Court to enter a proposed Preliminary Approval Order granting preliminary approval of the Settlement, approving the Settlement Administrator, and approving the Notice and Claim Form prepared by Class Counsel and approved by Defendants prior to filing, which will (i) inform Putative FLSA Collective Members of their right to become Participating FLSA Collective Members in this Action by signing and returning a Claim Form; and (ii) inform Putative Rule 23 Settlement Class Members of their right to sign and return a Claim Form if they wish to receive an Individual Settlement Amount, to request exclusion from the Settlement if they do not wish to participate, and to submit objections to the Settlement if they do not request exclusion.  At the conclusion of the 90-day notice period provided in the Notice, Plaintiffs will move the Court for final approval of the Settlement and will submit a Proposed Final Order and Judgment dismissing the Action with prejudice. Class Counsel shall submit to the Court such pleadings and/or evidence as may be required for the Court's determination of this motion for final approval, and agree to execute all

documents necessary to dismiss with prejudice any and all claims raised against Defendants in the Action. Defendants agree not to oppose such motion for final approval, provided that they are afforded the opportunity to review and approve, and have approved, the form and substance of the motion and supporting papers in advance of filing.

5.     **Failure to Procure Approval**. Final approval of the Settlement by the Court is a material term of the Settlement Agreement. If the Court declines to enter a Preliminary Approval Order, or an order granting final approval to this Settlement, in substantially the same form as that submitted by the Parties, or a Court of Appeals reverses the Court's order granting final approval to this Settlement, the Settlement Agreement shall become null and void, provided, however, that the Parties agree to work cooperatively and in good faith for a period of 15 calendar days following any denial or reversal of approval to address and resolve any concerns identified by the Court in declining to enter a Preliminary Approval Order or an order granting final approval to this Settlement, or by the Court of Appeals in reversing the entry of an order by the Court granting final approval to this Settlement.

Should the Parties address and resolve any concerns identified by the Court during that 15-day period, they shall re-submit the Settlement Agreement, as amended, to the Court for approval. Should the Parties' efforts during that 15-day period to address and resolve any concerns identified by the Court or Court of

Appeals prove unsuccessful, the Settlement Agreement shall become null and void, and no party shall be bound by any of its terms, including any obligation to make any payments or to release any claims.

In the event the Settlement Agreement becomes null and void (i) any order certifying a class or collective action for purposes of the Settlement shall be vacated, any such class or collective action shall be decertified, and Defendants shall reserve their right to oppose any future motion or request for class- or collective action certification; (ii) the Settlement Agreement and all negotiations, statements, and proceedings relating thereto, shall be without prejudice to the rights of any of the Parties in the Action, all of whom shall be restored to their respective positions prior to the Settlement; and (iii) neither this Agreement, nor any ancillary documents, actions, statements, or filings in furtherance of Settlement shall be admissible or offered into evidence in the Action or any other legal proceeding for any purpose whatsoever.

## IV.   **SETTLEMENT CONSIDERATION**

1.     **Gross Settlement Amount.** Courier Express will pay the Gross Settlement Amount of $1,600,000.00, which shall constitute adequate consideration for the Settlement and will be made in full and final settlement of: (1) the claims released by Plaintiffs, Rule 23 Settlement Class Members, and Participating FLSA Collective Members; (2) Class Counsel Fees and Expenses (as defined in Article

IV, Section 4); (3) Costs of Administration; (4) Service Awards; (5) Mediation Expenses; and (6) any other obligations of Defendants under this Settlement Agreement. In no event shall Defendants pay more than $1,600,000.00.

2.     **Method of Allocation.**   Subject to the review and approval of Defendants, Class Counsel shall determine the allocation of the Net Settlement Amount to each Participating Rule 23 Settlement Class Member and Participating FLSA Collective Member as Individual Settlement Amounts.  Thirty percent (30%) of each Individual Settlement Amount will be allocated to the causes of action in the Action arising under the FLSA, and seventy percent (70%) of each Individual Settlement Amount will be allocated to the causes of action in the Action arising under the North Carolina Wage Act.  Individual Settlement Amounts will only be distributed to Participating Rule 23 Settlement Class Members and Participating FLSA Collective Members who have submitted a valid and timely Claim Form. Similarly, each Participating Rule 23 Settlement Class Member will only be entitled to the portion of his or her Individual Settlement Amount allocated to the causes of action arising under the North Carolina Wage Act if the Participating Rule 23 Settlement Class Member does not request exclusion from the Settlement consistent with the terms of the Agreement. To the extent that individuals return a Claim Form, but do not return a properly completed I.R.S. Form W-9, the Claims Administrator shall follow-up with those individuals with a letter and/or phone call requesting that

they return an I.R.S. Form W-9. To the extent any Participating Rule 23 Settlement Class Members or Participating FLSA Collective Members have not returned an I.R.S. Form W-9 prior to the mailing of Individual Settlement Amounts, their payment shall be subject to backup withholding at the applicable rate required by the I.R.S., which currently is 24 percent.

3.     **Plaintiffs' Service Awards.**  Subject to approval from the Court, in addition to their Individual Settlement Amounts, the Class Representative will receive from the Gross Settlement Amount $15,000.00 and the Early Opt-Ins (due to their cooperation and participation in providing declarations, documents, and information in furtherance of mediation) will each receive from the Gross Settlement Amount $10,000, as service awards in recognition of their assistance to Class Counsel and their contribution to achieving the Settlement on behalf of the Rule 23 Settlement Class and all Participating FLSA Collective Members. Such Service Award shall not be considered wages, and the Settlement Administrator shall issue each of the Plaintiffs an I.R.S. Form 1099 reflecting such payment. Each Plaintiff shall be responsible for the payment of any and all taxes with respect to the Service Award and shall indemnify and hold Defendants harmless for any and all liability with regard thereto. The failure of the Court to approve the full amount of the service awards requested shall not impact the enforceability of this Settlement Agreement in all other respects.

4.    **Class Counsel's Fees and Expenses.**  Subject to approval from the Court, Class Counsel will receive from the Gross Settlement Amount attorneys' fees in the amount of one-third of the Gross Settlement Amount, plus reimbursement of litigation costs and expenses in the amount of $13,972.29.  The attorneys' fees to Class Counsel were negotiated separately from the payments to be made by Defendants to Plaintiffs, Participating Rule 23 Settlement Class Members, and Participating FLSA Collective Members.  Class Counsel agrees to pay the Mediation Expenses, which will not be reimbursed from the Gross Settlement Amount.  The failure of the Court to approve the full amount of the attorneys' fees and expenses requested shall not impact the enforceability of this Settlement Agreement in all other respects, and any amount not awarded in Class Counsel Fees and Expenses shall be distributed to Participating Rule 23 Settlement Class Members and Participating FLSA Collective Members on a pro rata basis. Under no circumstances shall any amount of the requested Class Counsel's Fees and Expenses revert to Defendants.

5.    **Tax Treatment of Individual Settlement Amounts, Service Awards, and Attorneys' Fees Payments**.  The Settlement Administrator will treat all Individual Settlement Amounts and Service Awards, if any, as non-wage income and report them to appropriate taxing authorities on I.R.S. Forms 1099, or the appropriate equivalent, where applicable. Additionally, the amounts paid to Class

Counsel as an award of attorneys' fees shall be treated as non-wage income to both Class Counsel and to Participating FLSA Collective Members on a pro rata basis, and reported to appropriate taxing authorities on I.R.S. Forms 1099, or the appropriate equivalent, where applicable. To allow for the proper tax reporting, and to avoid the need for backup tax withholdings, each Participating FLSA Collective Member and Participating Rule 23 Settlement Class Member must provide the Settlement Administrator an I.R.S. Form W-9, or an equivalent. To the extent that any Participating FLSA Collective Member or Participating Rule 23 Settlement Class Member does not return an I.R.S. Form W-9 or equivalent with his or her Claim Form, the Claims Administrator will make reasonable efforts to ensure a timely return of all W-9 forms by following-up with such individuals with a letter and/or phone call requesting that they return an I.R.S. Form W-9. If any individual has not return an I.R.S. Form W-9 prior to the mailing of Individual Settlement Amounts, their payment shall be subject to backup withholding. The Participating FLSA Collective Members, Participating Rule 23 Settlement Class Members, and Class Counsel shall be solely responsible for their income tax liabilities arising from their receipt of such payments and shall indemnify and hold Defendants harmless from any and all liability with regard thereto. Nothing in this Agreement shall be construed as the Parties, Class Counsel, or Defense Counsel providing any advice

regarding the payment of taxes or the tax consequences of a person's participation in any portion of this Agreement or Settlement.

## V.   SETTLEMENT ADMINISTRATION

1.   **Selection and Approval of Settlement Administrator.** The Settlement will be administered by the Settlement Administrator selected by Plaintiffs and approved by Defendants, following the Settlement Administrator's approval by the Court.   Plaintiffs shall request the Court's approval of the Settlement Administrator, and the specific tasks it is to perform in connection with the Settlement, as part of their motion for preliminary approval of the Settlement, discussed in Article III, Section 3.

2.   **Notice to Settlement Class Members.** By the later of 21 days following the execution of this Agreement or 7 days from the date of submission of the unopposed motion for preliminarily approval of the Settlement, Courier Express will provide the Settlement Administrator with Putative Class Member Information. The Settlement Administrator will update the addresses, as necessary, by reference to the United State Postal Service's National Change of Address database.

3.   **Sending of CAFA Notice.** Within 10 days of Plaintiffs' submission of their unopposed motion for preliminarily approval of the Settlement, the Settlement Administrator shall mail the CAFA Notice on behalf of Defendants to the appropriate federal and state officials, as required by 28 U.S.C. § 1715.

4.    **Confidentiality of Putative Class Member Information**. The Settlement Administrator will (i) hold the Putative Class Member Information in strictest confidence and not disclose or divulge the Putative Class Member Information to Class Counsel, unless a Putative Rule 23 Settlement Class Member or Putative FLSA Collective Member has contacted Class Counsel and requests that Class Counsel communicate with the Settlement Administrator on his or her behalf or is requesting legal information relating to the Settlement terms and agreement, or to any third party except as otherwise required in this Settlement Agreement; (ii) keep the Putative Class Member Information in secure facilities; (iii) not post on its website the names or any other identifying information concerning the same, or the Settlement Agreement, and (iv) use the Putative Class Member Information exclusively for or to assist in administration of this Settlement and for no other purpose. No copies or duplication of any of the Putative Class Member Information shall be made by Class Counsel or retained by the Settlement Administrator. The Settlement Administrator will return the Putative Class Member Information to Defense Counsel with the accounting as described in Article V, Section 14 (*Cy Pres* Amount).

5.    **Contents and Procedure for Sending Notice to Settlement Class Members.** Within 21 days after entry of the Preliminary Approval Order, the Settlement Administrator will send the approved Notice and Claim Form, as well

as an I.R.S. Form W-9 or equivalent, to Putative Rule 23 Settlement Class Members and Putative FLSA Collective Members by First-Class U.S. mail using the addresses listed in the Putative Class Member Information, as updated by the Settlement Administrator from the United States Post Office's National Change of Address database. Additionally, the Notice and Claim Form will be sent via text message to the last known telephone number provided as part of the Putative Class Member Information. In the event that any Notice is returned as having been undelivered by the U.S. Postal Service, the Claims Administrator shall perform a skip trace search and seek an address correction for such individual Putative Rule 23 Settlement Class Member(s) or Putative FLSA Collective Member(s), and a second Notice will be sent to any new or different address obtained.   If both the first and second Notice are returned as undeliverable, the Courier Express Defendants will search for, and if available provide, the e-mail address on record for the Putative Rule 23 Settlement Class Member or Putative FLSA Collective Member that the Claims Administrator will then use to e-mail the Notice to the individual.

6. **Deadline for Submitting Claim Forms, Objections, and Requests for Exclusion.** The deadline for Putative Rule 23 Settlement Class Members and Putative FLSA Collective Members to return signed Claim Forms will be 90 calendar days after the date the Notice was first sent. Claim Forms will be deemed

timely if they are properly completed and returned to the Settlement Administrator via U.S. Mail, fax, or e-mail so that it is received or postmarked on or before the deadline for submitting Claims Forms. To the extent there are questions regarding whether a Claim Form is timely, the Settlement Administrator, along with Class Counsel and Defense Counsel, will make that determination based on the circumstances. Settlement Administrator, Class Counsel, and Defense Counsel shall accept Claim Forms received after the claims deadline for good cause as long as acceptance of the late Claim Form is consistent with the purposes of this Agreement. The Settlement Administrator will provide completed Claim Forms, which shall include a written consent to participate in Class Representative's FLSA claims, to Class Counsel for filing with the Court as soon as practicable.

Likewise, any Putative Rule 23 Settlement Class Member who wishes to be excluded from the Settlement shall have 90 calendar days after the date their Notice was first sent to submit a written request expressly asserting that he or she wishes to be excluded from the Settlement. Such written statements should state at the top of the letter "Request for Exclusion from Settlement in *Kincaid, et al. v. Courier Express/Charlotte, Inc., et al.*, No. 1:18-cv-00707-AT," and should include the name, address, telephone number, and signature of the individual requesting exclusion from the Settlement. All written requests for exclusion must be returned by First-Class U.S. Mail to the Settlement Administrator and must be postmarked

no later than 90 calendar days from the postmark of the Notice. Any Putative Rule 23 Settlement Class Member who requests exclusion from the Settlement will not be eligible to receive an Individual Settlement Amount payment and cannot object to the Settlement. In the event that any Putative Rule 23 Settlement Class Member timely and properly submits a written request for exclusion, and also timely submits a Claim Form or an I.R.S. Form W-9, or also timely submits an objection to the Settlement, the Settlement Administrator shall contact such individual, inform them that they cannot request exclusion from the Settlement and submit a Claim Form and/or object to the Settlement, and shall ask such individual which option they wish to pursue. Any Putative Rule 23 Settlement Class Member who requests exclusion from the Settlement will not be legally bound by the terms of the Agreement or the final order approving the Settlement. In contrast, any Putative Rule 23 Settlement Class Member who does not return a valid and timely written request for exclusion will be bound by all terms of the Agreement and the final order approving the Settlement, regardless of whether they have submitted a Claim Form or have objected to the Settlement.

Any Rule 23 Settlement Class Member who has not requested exclusion and wishes to object to this Settlement, or any part thereof, must file a written objection with the U.S. District Court for the Northern District of Georgia setting forth the nature of his or her objection, and the arguments supporting the objection, and serve

copies of the objection to Class Counsel and Defense Counsel. Any objections must be filed and served prior to the initial Final Approval Date set forth in the Notice. Unless otherwise permitted by the Court, objecting Rule 23 Settlement Class Members shall not be entitled to speak at the hearing on the Final Approval Date unless they have timely filed and served a written objection. Any Rule 23 Settlement Class Member who has properly and timely submitted objections may appear at the Final Approval Date hearing, either in person or through a lawyer retained at their own expense. Any Rule 23 Settlement Class Members who fail to file and serve a timely written objection shall be deemed to have waived any objection and shall be foreclosed from objecting to this Settlement.

The Parties will not solicit or otherwise encourage, directly or indirectly, any Rule 23 Settlement Class Member to object to this Settlement. Neither party will encourage or discourage, directly or indirectly, Putative Rule 23 Settlement Class Member or Putative FLSA Collective Member from submitting a Claim Form.

7.     **Re-sending Notice to Settlement Class Members.** The Settlement Administrator shall re-send the Court-approved Notice, Claim Form, and I.R.S. Form W-9 to any Putative FLSA Collective Member or Putative Rule 23 Settlement Class Member who contacts the Settlement Administrator during the time period between the initial sending of Notice and the deadline for returning a signed Claim Form, and who represents to the Settlement Administrator that they did not

previously receive the Notice, Consent Form, and I.R.S. Form W-9 or misplaced the Notice, Consent Form, and/or I.R.S. Form W-9 and requests that the approved Notice, Consent Form, and I.R.S. Form W-9 be re-sent.

8.     **Reminder Notice.**  45 days after the initial mailing of the Notice, the Settlement Administrator will send a short "Reminder Notice," to be agreed-upon by the Parties and approved by the Court, to all Putative FLSA Collective Members and all Putative Rule 23 Settlement Class Members who have not yet submitted a Claim Form via U.S. First Class Mail, e-mail, or text message.

9.     **Correcting Deficiencies in Consent Forms and I.R.S. Form W-9s.** In the event a Putative Rule 23 Settlement Class Member or Putative FLSA Collective Member submits a Claim Form in a timely manner (*i.e.*, within 90 days of the sending of the Court-approved Notice), but the Consent Form or I.R.S. Form W-9 is incomplete or otherwise deficient in one or more aspects, the Settlement Administrator shall (no later than 14 calendar days following the receipt of such Claim Form) return the deficient document to the individual with a letter explaining the deficiencies and stating that the individual will have 15 calendar days from the date the deficiency notice is postmarked to the Putative FLSA Collective Member or Putative Rule 23 Settlement Class Member to correct the deficiencies, provide any necessary information, and resubmit the document. The envelope containing the corrected and resubmitted Claim Form and/or I.R.S. Form W-9 must be

postmarked within 15 days of the date the deficiency notice is mailed to the individual to be considered timely. The Settlement Administrator's decision on whether the deficiency has been remedied shall be binding.  The Settlement Administrator may accept the necessary information to issue an IRS Form 1099 in a form I.R.S. Form W-9 equivalent, provided that document comports with I.R.S. rules.

10.   **Administrator's Duty to Keep Parties' Informed.**  The Settlement Administrator will keep the Parties' counsel reasonably informed about the progress of the administration.  It will expeditiously inform Class Counsel and Defense Counsel of the Putative FLSA Collective Member's or Putative Rule 23 Settlement Class Member's name only on any Notices returned as undeliverable.  As soon as practicable following the deadline for returning Consent Forms, and the resolution of any deficient submissions, but before the date of the Final Approval Date, the Settlement Administrator shall provide Class Counsel and Defense Counsel with a declaration of due diligence and proof of mailing or transmittal with regard to the sending of the Notice and Consent Form. Class Counsel shall bear the responsibility of filing this declaration with the Court prior to the Final Approval Date.

11.   **Time for Payment of Gross Settlement Amount.**  7 business days after the Effective Date, Courier Express will remit the Gross Settlement Amount to the Settlement Administrator. The funds deposited in this account shall constitute

a qualifying, designated settlement fund pursuant to Section 468B of the Internal Revenue Code.

12.    **Time for Payment of Individual Settlement Amounts, Service Awards, and Attorneys' Fees and Expenses.**  10 business days after the Effective Date, the Administrator will issue the Service Awards to Plaintiffs and the Class Counsel's Fees and Expenses, along with the Mediation Expenses. 21 days after the Effective Date, or as soon thereafter as practicable, the Settlement Administrator will issue payment of the Individual Settlement Amounts to Participating FLSA Collective Members and Participating Rule 23 Settlement Class Members, along with a letter approved by Class Counsel and Defense Counsel explaining that the Settlement has received final approval and the claims released by the recipient, along with the URL for a website where the recipient can access a copy of the order granting final approval. The checks remitting these payments shall include language, to be agreed upon by Class Counsel and Defense Counsel, below the line for the recipient to endorse the check acknowledging the Released Claims and acknowledging the release of FLSA claims.  The Settlement Administrator shall mail these funds to the address used to send the Notice or, if different, any address provided by the Participating Rule 23 Settlement Class Member or Participating FLSA Collective Member on his or her Claim Form or at an updated address provided. The Settlement Administrator will make the necessary attempts to find a

good address (using LexisNexis or other qualified service) and resend Individual Settlement Amount checks for any that were returned as undeliverable.

13. **Costs of Settlement Administration.** The Settlement Administrator shall be entitled to payment, from the Gross Settlement Amount, for all reasonable costs associated with the Settlement Administrator's work under this Settlement Agreement. In the event the reasonable costs of the Settlement Administrator exceed $20,110, the Settlement Administrator shall file a declaration with the Court explaining the basis for the costs above $20,110 and seeking approval for payment of the additional reasonable costs out of the amount remaining from the Net Settlement Amount. The Settlement Administrator shall not be paid for costs above $20,110 absent Court approval.

14. **Cy Pres Amount**. Within 180 days after the Claims Administrator mails the Individual Settlement Amount checks, Claims Administrator shall prepare and send to Courier Express and Class Counsel an accounting of the settlement distribution that identifies any checks issued but not cashed. Within 7 days of providing this accounting to Courier Express and Class Counsel, the Settlement Administrator shall issue a check with the *Cy Pres* Amount comprised of the value of uncashed checks, if any, to each of the following non-profits in equal parts: (1) UNC Highway Safety Research Center and (2) Georgia Motor Trucking Foundation, Inc., *d/b/a* Georgia Highway Safety Foundation. Participating FLSA

Collective Members and all Rule 23 Settlement Class Members who do not cash their checks nevertheless remain bound by the Settlement, including the release of claims.

## VI.   **RELEASE OF CLAIMS**

1.     **Claims Released by Plaintiffs.**  In order to settle the claims against Defendants in the Action, and as consideration for Defendants' payment of the Gross Settlement Amount, which shall provide funds for the Individual Settlement Amounts, Service Awards, and Class Counsel Fees and Expenses, and the other good and valuable consideration described herein, Plaintiffs, on behalf of themselves and any business entities through which they performed services on behalf of Defendant Releasees, and their heirs, trustees, executors, successors, administrators, assigns, and representatives, shall and do hereby forever release, discharge and agree to hold harmless the Defendant Releasees from any and all charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, debts and expenses (including attorney fees and costs), known or unknown, at law or in equity, and whether arising under federal, state, or other applicable law, which they may have against Defendants arising out of, related to, or in any way connected with, their engagement by, alleged employment with, or their work for Courier Express and/or IDEXX, including but not limited to the Released Claims and their claims arising

under the FLSA, as well as any other claim arising out of any and all transactions, occurrences, or matters between Plaintiffs and Defendant Releasees prior to the Effective Date, except as prohibited by law.

Without limiting the generality of the foregoing, this release shall include, but not be limited to, any and all claims under the (a) Americans With Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*, as amended; (b) Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, as amended; (c) the Civil Rights Act of 1991; (d) 42 U.S.C. § 1981, as amended; (e) the Age Discrimination in Employment Act and the Older Workers Benefit Protection Act, 29 U.S.C. § 621, *et seq.*; (f) the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended; (g) the Equal Pay Act of 1963, as amended; (h) the Employee Retirement Income Security Act, as amended; (i) the Consolidated Omnibus Budget Reconciliation Act (COBRA), 29 U.S.C. § 1161 *et seq.*; (j) the Rehabilitation Act of 1973, as amended; (k) the Family and Medical Leave Act of 1993, at amended, 29 U.S.C. § 2601, *et seq.*; (l) the National Labor Relations Act, 29 U.S.C. § 151, *et seq.*; (m) the Workers Adjustment and Retraining Notification Act (WARN), 29 USC § 2100 *et. seq.*, as amended; (n) the North Carolina Wage and Hour Act, N.C. Gen. Stat. § 95-25.1, *et seq.*; (o) North Carolina Persons With Disabilities Protection Act, N.C. Gen. Stat. § 168A-1, *et seq.*; (p) Retaliatory Employment Discrimination Act (REDA) N.C. Gen. Stat. § 95-240, *et seq.*; and (q) any and all other federal, state and local statutes, ordinances,

regulations, rules and other laws, and any and all claims based on constitutional, statutory, common law or regulatory grounds, as well as any other claims based on theories of wrongful or constructive discharge, breach of contract or implied contract, fraud, misrepresentation, promissory estoppel or intentional and/or negligent infliction of emotional distress, or damages under any other federal, state or local statutes, ordinances, regulations, rules or laws. This release is for any and all legal, equitable and/or other relief, no matter how denominated, including, but not limited to, back pay, front pay, vacation pay, bonuses, compensatory damages, tortious damages, liquidated damages, punitive damages, damages for pain and suffering, and attorney fees and costs, and the Plaintiffs hereby forever release, discharge, and agree to indemnify and hold harmless the Defendant Releasees from any and all claims for attorney fees, costs, and expenses arising out of the matters released in this Settlement Agreement.

Plaintiffs also agree that, to the extent permitted by law, if a claim is prosecuted in their name against one of the Defendant Releasees before any court or administrative agency, they waive, and agree not to take, any award of money or other damages from such proceeding. Plaintiffs agree that, unless otherwise compelled by law, if a claim is prosecuted in any of their names against one of the Defendant Releasees that they will immediately request in writing that the claim on their behalf be withdrawn.

*Plaintiffs further acknowledge entitlement to consider for 21 days whether to accept the terms of this Release, and that Plaintiffs are not waiving rights or claims that may arise after the date this Settlement Agreement is executed. By executing this Settlement before the expiration of the 21-day period, Plaintiffs do so voluntarily, upon the advice and with the approval of Class Counsel, and Plaintiffs expressly and voluntarily waive their rights to consider the terms of the Release in this Settlement during any remaining portion of the 21-day period. Plaintiffs also understand that, after signing this Settlement, each Plaintiff has the right to revoke it as to himself/herself only within 7 days after signing. Plaintiffs acknowledge that they have been advised to consult with an attorney prior to executing this Agreement. Plaintiffs further acknowledge that they are receiving value beyond that to which they are already entitled.*

2. **Claims Released by Both Rule 23 Settlement Class Members and Participating FLSA Collective Members**. It is the desire of the Parties, the Rule 23 Settlement Class Members, and the Participating FLSA Collective Members to fully, finally, and forever settle the Released Claims and dismiss the Action, with prejudice. Accordingly, as consideration for Defendants' payment of the Gross Settlement Amount, which shall provide funds for the Individual Settlement Amounts (including the portion of those amounts attributable to the Rule 23 Settlement Class Members' and Participating FLSA Collective Members' North

Carolina Wage Act claims, if any), and the other good and valuable consideration described herein, each Rule 23 Settlement Class Member and Participating FLSA Collective Member, on behalf of themselves and any business entities through which they performed services on behalf of Defendant Releasees, and their heirs, trustees, executors, successors, administrators, assigns, and representatives, shall and do hereby forever release, discharge, and agree to indemnify and hold harmless the Defendant Releasees of and from any and all Released Claims that any Rule 23 Settlement Class Member and/or Participating FLSA Collective Member has or might have, known or unknown, asserted or unasserted, of any kind whatsoever, except to the extent that any such claim may not be waived as a matter of law, up to and including the date on which the Preliminary Approval Order is issued.

3.     **Claims Released by Participating FLSA Collective Members.** Additionally, in order to fully settle their claims against Defendants in the Action, and as consideration for Defendants' payment of the Gross Settlement Amount, which shall provide funds for the Individual Settlement Amounts (including the portion of those amounts attributable to Participating FLSA Collective Members' FLSA claims), Class Counsel Fees and Expenses, and the other good and valuable consideration described herein, the Participating FLSA Collective Members, on behalf of themselves and any business entities through which they performed services on behalf of Defendant Releasees, and their heirs, trustees, executors,

successors, administrators, assigns, and representatives, in addition to the release of claims described in the preceding paragraph, shall and do hereby forever release, discharge, and agree to indemnify and hold harmless the Defendant Releasees of and from any and all claims arising under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*., which any Participating FLSA Collective Member has or might have, known or unknown, asserted or unasserted, of any kind whatsoever, except to the extent that any such claim may not be waived as a matter of law, up to and including the date on which the Preliminary Approval Order is issued.

4.     **Effective Date of Releases**. The releases herein shall become effective on the Effective Date.

## VII.   NON-ADMISSION AND CONFIDENTIALITY

1.     **Non-Admission.**   Nothing in this Settlement Agreement shall be construed or deemed an admission of liability, culpability, negligence or wrongdoing on the part of Defendants, and Defendants deny any such liability.   Moreover, nothing contained herein, nor the existence or consummation of this Settlement, is to be construed or deemed an admission that any person who contracted with Courier Express and/or IDEXX is an employee or was improperly classified as an independent contractor. The Parties have entered into this Settlement for the purpose of compromising disputed claims and with the intention to avoid further disputes and litigation with the attendant inconvenience and expenses.   This Settlement is a

settlement document and shall be inadmissible in evidence in any proceeding. The preceding sentence shall not apply to an action or proceeding to approve, interpret, or enforce this Settlement.

2.    **Media or Press**.  Any current media or website posting regarding the Action will be removed immediately after this Settlement Agreement has been executed by all Parties and by Class Counsel and Defense Counsel. Class Counsel shall be permitted to list the existence of the Settlement on this Action on their firms' websites. In doing so, however, Class Counsel may not disclose the names of the Defendants or any of the specific terms of this Settlement Agreement, including the Gross Settlement Amount, Class Counsel Fees and Expenses, any Individual Settlement Amounts, and the Service Awards. In no event shall Plaintiffs and/or any Rule 23 Settlement Class Member or Participating FLSA Collective Member issue or cause to be issued any press release or communication, via any medium, to any media or media representative, and shall not otherwise communicate to any media or media representative, information regarding this Action, the claims asserted therein, this Settlement, or the amount of money paid pursuant to this Settlement and/or the amount of money Class Counsel or any Rule 23 Settlement Class Member or Participating FLSA Collective Member received as a result of this Settlement.

## VIII. <u>DUTIES OF THE PARTIES</u>

1.     **Duty to Support and Defend the Settlement.** The Parties agree to abide by all of the terms of the Settlement in good faith and to support the Settlement fully and to use their best efforts to defend this Settlement from any legal challenge, whether by appeal or collateral attack.

2.     **Duties Prior to Court Approval.** Class Counsel shall promptly submit this Settlement Agreement to the Court for preliminary approval and determination by the Court as to its fairness, adequacy, and reasonableness. Promptly upon execution of this Agreement, and after affording Defendants the opportunity to review and agree to the form and substance of the materials to be presented to the Court, Class Counsel shall apply to the Court, without opposition from Defendants, for the entry of a preliminary order scheduling a hearing on the question of whether the proposed Settlement should be approved as fair, reasonable, and adequate as to the Putative Rule 23 Settlement Class Members and Putative FLSA Collective Members, approving as to form and content the proposed Notice, and directing the sending of the Notice to Putative Rule 23 Settlement Class Members and Putative FLSA Collective Members.

3.     **Bar of Other Proceedings.** The Parties agree to support the continued stay of all proceedings in this Action, except as may be necessary to implement the terms of the Settlement.  Pending a final determination of whether the Settlement should be approved, the Rule 23 Settlement Class Members and Participating FLSA

Collective Members, and all persons purporting to act on their behalf, including Class Counsel, are enjoined from commencing or prosecuting (either directly, representatively or in any other capacity) against any of the Defendant Releasees any action, arbitration, or proceeding in any court, arbitration forum or tribunal asserting any of the claims released in Article VI.

## IX.   CONSTRUCTION

1.   **Construction of Terms.**   The Parties agree that the terms and conditions of this Settlement Agreement are the result of lengthy, intensive, arms-length negotiations between the Parties and that this Settlement Agreement shall not be construed in favor of or against any Party by reason of the extent to which any Party or his, her, or its counsel participated in the drafting of this Settlement Agreement.

2.   **Invalidation.**   Unless otherwise stated herein, invalidation of any material portion of the Settlement shall invalidate the Settlement in its entirety, unless the Parties shall subsequently agree in writing that the remaining provisions of the Settlement are to remain in full force and effect.

3.   **Captions and Interpretations.**   The captions of this Settlement Agreement are solely for reference and have no legal effect whatsoever and will not in any way affect the interpretation or construction of this Settlement Agreement.

## X.   MODIFICATION

4.      **Modification.**  This Settlement Agreement may not be changed, altered or modified, except in a writing signed by the Parties. This Settlement Agreement may not be discharged except by performance in accordance with the terms or by a writing signed by the Parties.

5.      **Integration Clause.**  This Settlement Agreement contains the entire agreement between the Parties, and all prior or contemporaneous agreements, understandings, representations and statements, whether oral or written and whether by a Party or such Party's counsel, relating to the resolution of the Action, are merged into this Settlement Agreement.   No oral understandings, statements, promises or inducements contrary to the terms of this Settlement Agreement exist. No rights under this Settlement Agreement may be waived except in writing.

## XI.   <u>MISCELLANEOUS</u>

1.      **Signatory Authorization to Settle**. The signatories to this Settlement hereby represent that they are fully authorized to enter into this Settlement and bind the Parties to the terms and conditions of this Settlement, and that the Plaintiffs' signatures also bind any business entity through which the Plaintiffs provided services for Defendants.

2.      **Execution in Counterparts.**  This Settlement Agreement may be executed in counterparts, including, without limitation, by facsimile transmission or by transmission of a .pdf or other similar image file via e-mail. When each Party has

signed and delivered at least one such counterpart, each counterpart shall be deemed an original, including, without limitation, those sent by facsimile transmission or by transmission of a .pdf or other similar image file via e-mail, and, when taken together with other signed counterparts, shall constitute one Settlement Agreement, which shall be binding upon and effective as to all Parties.

3.    **Non-Disparagement**. Plaintiffs and Defendants (limited to, for purposes of this clause only, Defendants' corporate legal personnel, corporate human resources personnel, and corporate officers and directors) will refrain from disparagement of the other.

4.    **Non-Solicitation.** Plaintiffs will not solicit, contact, or otherwise encourage other current or former contractors or employees of Defendants, to assert claims against Defendants in this Action outside of the Notice or in any separate proceeding. However, should one of Defendants' current or former contractors or employees who is not one of the Plaintiffs contact Class Counsel following receipt of the Notice, Class Counsel will be free to follow their professional judgment in advising such individual about a potential claim regarding Defendants.

5.    **No Right to Reengagement or Hire**. Class Representative agrees that she will have no right to be engaged or hired by any of the Defendants or any corporate entity affiliated with any of the Defendants.  Should the Court not approve

this provision, it shall not constitute grounds for Defendants to void this Settlement Agreement.

6. **Court Jurisdiction Over Settlement.** The Parties agree that any dispute regarding the interpretation of the terms of this Settlement shall be resolved by the Court. The Parties further agree that, upon the Effective Date, this Settlement shall be binding and enforceable pursuant to applicable law.

7. **Governing Law.** This Settlement shall be governed by and construed in accordance with the internal laws of the State of Georgia without giving effect to choice of law principles.

8. **Attorney Fees, Costs and Expenses.** Except as otherwise specifically provided for herein, each Party shall bear his, her, or its own attorney fees, costs and expenses, taxable or otherwise, incurred by them in or arising out of the Action and shall not seek reimbursement thereof from any other Party to this Settlement Agreement.

9. **Different Facts.** The Parties hereto, and each of them, acknowledge that, except for matters expressly represented herein, the facts in relation to the dispute and all claims released by the terms of this Settlement may turn out to be other than, or different from, the facts now known by each party and/or its counsel, or believed by such party or counsel to be true, and each party therefore expressly assumes the risk of

the existence of different or presently unknown facts, and agrees that this Settlement shall be in all respects effective and binding despite such difference.

      10.    **No Prior Assignments**.  The Parties represent, covenant, and warrant that they have not, directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber, to any person or entity any portion of any liability, claim, demand, action, cause, of action or rights herein released and discharged except as set forth herein.

      IN WITNESS WHEREOF, the Parties and their counsel have executed this Stipulation on the date below their signatures or the signature of their representatives. The date of the Settlement Agreement shall be the date of the latest signature.

**[THIS SPACE INTENTIONALLY LEFT BLANK]**

**BY PLAINTIFFS:**

Dec 12, 2018
_____
Date

_____
TRISH KINCAID

Dec 12, 2018
_____
Date

_____
MATTHEW KINCAID

Dec 12, 2018
_____
Date

_____
BRITTNIE WILLIAMS

Dec 12, 2018
_____
Date

_____
SCOTT SHELTON

12/17/2018
_____
Date

Harold Lichten
Lichten & Liss-Riordan, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Tel: (617) 9 4-5800
hlichten@llrlaw.com

December 16, 2018
_____
Date

Gilda A. Hernandez
The Law Offices of Gilda A. Hernandez, PLLC
1020 Southhill Drive, Suite 130
Cary, NC 27513
Tel: (919) 741-8693
ghernandez@gildahernandezlaw.com

Jeffrey B. Sand
Weiner & Sand, LLC
3525 Piedmont Rd.

Atlanta, GA 30305
Tel: (404) 205-5029
js@atlantaemployeelawyer.com

Counsel for Plaintiffs

**BY DEFENDANTS:**

Courier Express/Charlotte, Inc.

By: _Jack Messer_

_Jack Messerly_

_12/12/18_
Date

PRINTED NAME

Courier Express/Raleigh, Inc.

By: _Jack Messer_

_Jack Messerly_

_12/12/18_
Date

PRINTED NAME

Courier Express Freight, Inc.

By: _Jack Messer_

_Jack Messerly_

_12/12/18_
Date

PRINTED NAME

Courier Express US, Inc.

By: _Jack Messer_

_Jack Messerly_

_12/12/18_
Date

PRINTED NAME

_Emily_

Andrew J. Butcher
Scopelitis, Garvin, Light, Hanson,
& Feary, P.C.
30 West Monroe Street, Suite 600
Chicago, IL 60603

Tel: 312-255-7200
abutcher@scopelitis.com

Emily A. Quillen, Pro Hac Vice
Scopelitis, Garvin, Light, Hanson
& Feary, P.C.
801 Cherry Street, Suite 1075
Fort Worth, TX 76102
Tel: 817-869-1700
equillen@scopelitis.com

David F. Root
Carlock Copeland
One Ninety-One Peachtree Tower
191 Peachtree Street NE, Suite 3600
Atlanta, Georgia 30303
Tel: 404-522-8220
droot@carlockcopeland.com

Attorneys for Defendants
Courier Express/Charlotte, Inc.,
Courier Express/Raleigh, Inc.,
Courier Express Freight, Inc., and
Courier Express US, Inc

IDEXX Pharmaceuticals, LLC

By: _____

12/14/18
Date

Jacqueline Steder
PRINTED NAME

_____

Richard W. Black
Littler Mendelson, P.C.
3344 Peachtree Road, N.E.
Atlanta, GA 30326
Tel: 404.233.0330
rblack@littler.com

Michael S. McIntosh
Littler Mendelson, PC
1650 Tysons Blvd.
McLean, VA 22102
Tel: 703.286.3118
mmcintosh@littler.com

Attorneys for Defendant
IDEXX Pharmaceuticals, LLC

4847-2434-2146, v. 2

IDEXX Pharmaceuticals, LLC

By: _____

Date _____          _____
                                  PRINTED NAME

12/17/14                          _____
                                  Richard W. Black
                                  Littler Mendelson, P.C.
                                  3344 Peachtree Road, N.E.
                                  Atlanta, GA 30326
                                  Tel: 404.233.0330
                                  rblack@littler.com

12/14/18                          _____
                                  Michael S. McIntosh
                                  Littler Mendelson, PC
                                  1650 Tysons Blvd.
                                  McLean, VA 22102
                                  Tel: 703.286.3118
                                  mmcintosh@littler.com

                                  Attorneys for Defendant
                                  IDEXX Pharmaceuticals, LLC

4847-2434-2146, v. 2