# EXHIBIT B

**Proposed Notice**

**THIS NOTICE AFFECTS YOUR LEGAL RIGHTS, PLEASE READ IT CAREFULLY.**

*Trish Kincaid v. Courier Express/Charlotte, Inc., et al.*,
United States District Court for the Northern District of Georgia, Civil Action No. 1:18-cv-00707-AT.

### NOTICE OF PROPOSED CLASS AND COLLECTIVE ACTION SETTLEMENT

To: _____

Re: Settlement of claims on behalf of couriers who contracted with Courier Express/Charlotte, Inc., Courier Express/Raleigh, Inc., Courier Express Freight, Inc., or Courier Express US, Inc. (together, "Courier Express") for alleged unpaid wages against Courier Express and IDEXX Pharmaceuticals, LLC ("IDEXX") (together, Courier Express and IDEXX are "Defendants").

| **SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:** ||
|---|---|
| **SUBMIT A CLAIM FORM** | Receive money and release your Fair Labor Standards Act ("FLSA") and North Carolina Wage and Hour Act ("NCWHA") claims, if any, as well as any other wage and hour claims you may have. <br><br> In order to receive a settlement payment, you must fully complete the Claim Form provided along with this Notice and return it, and a completed I.R.S. Form W-9, to the Settlement Administrator by **[90 CALENDAR DAYS FROM MAILING]**, 2019. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT** | If you do not wish to participate in the Settlement, you may exclude yourself by following the instructions in Section 10.B below. If you request exclusion, do not submit a Claim Form. <br><br> Only those individuals who exclude themselves will retain any right they may have to pursue their own lawsuit or claims under the NCWHA in the future. Individuals who request exclusion will not release any NCWHA claims as part of this Settlement, but also will not receive any monetary award as part of the Settlement. |
| **OBJECT** | If you entered into an agreement with Courier Express to provide courier services, and performed courier services pursuant to that agreement, as an independent contractor at any time between February 16, 2016 and **[DATE SETTLEMENT AGREEMENT EXECUTED]**, and do not exclude yourself by following the instructions in Section 10.B below, you can write the Court about why you object to the Settlement. |
| **DO NOTHING** | If you do nothing, you will not receive any monetary award available to you under the Settlement, but you will still release any claims you may have under the NCWHA. You will not, however, release any claims under the FLSA. |

These rights and options – and the deadlines to exercise them – are explained in this Notice.

1. **INTRODUCTION**

   The Court has preliminarily approved a proposed Settlement in this case. This is a Court-authorized notice. This is not a solicitation from a lawyer.

   Your estimated settlement payment (if you choose to participate) is included in the Claim Form enclosed with this Notice. Settlement payments will be made if the Court approves the Settlement and after any appeals are resolved.

   You have received this notice because records indicate you are an individual who contracted with Courier Express sometime during the period from February 16, 2015 to **[DATE SETTLEMENT AGREEMENT EXECUTED]**.

   If you fully complete and mail the enclosed Claim Form and I.R.S. Form W-9 submit them to the Settlement Administrator so that they are postmarked on or before **[90 CALENDAR DAYS FROM MAILING]** if returned by U.S. Mail, or received by **[90 CALENDAR DAYS FROM MAILING]** if returned by fax or e-mail, and the Settlement is approved by the Court, you will be mailed a check. Your estimated settlement payment to be sent via that check is included in the Claim Form enclosed with this Notice. You also will release all wage and hour claims you may have against Courier Express and IDEXX, as described in Section 14, below.

   Alternatively, if you wish, you can exclude yourself of the Settlement. But if you exclude yourself and wish to pursue claims against Defendants, you will have to commence a new lawsuit and represent yourself or retain lawyers to represent you in that new lawsuit.

   To the extent that you contracted with Courier Express at some point from February 16, 2016, to **[DATE SETTLEMENT AGREEMENT EXECUTED]**, you can also object to the Settlement (but if you object, you cannot opt-out).

   More information about this case, the proposed Settlement, and your rights are set forth below in this notice.

2. **WHAT IS THIS CASE ABOUT?**

   A former courier, Plaintiff Trish Kincaid, has sued Courier Express and IDEXX alleging that she and other couriers who entered into an agreement with Courier Express to provide courier services were not paid correctly for all hours worked, including alleged unpaid overtime premiums, in alleged violation of the FLSA and were subject to unlawful deductions in violation of the NCWHA. Based on these allegations, Plaintiff seeks to recover unpaid wages, liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs.

   Defendants deny the allegations made in this case and assert that Plaintiff and other couriers were independent contractors who were properly and fully paid for all hours worked pursuant to federal and state law, and therefore deny that Plaintiff and other couriers are entitled to additional wages. To the contrary, Courier Express contends it acted in compliance with all applicable state and federal laws and paid couriers with whom it contracted all monies due, if any, and IDEXX denies that it has any contractual or employment relationship with those couriers and contends it was merely a customer of Courier Express. Without admitting any liability, Defendants agreed to settle these claims to avoid the costs, risk, and disruption of further litigation.

The Court has not decided in favor of any party in this case. Instead, at a mediation, the parties agreed to settle the case instead of proceeding further in litigation. The Court has granted preliminary approval of the parties' proposed Settlement, which will pay a Gross Settlement Amount of $1,600,000.00 to resolve the claims of those individuals who contracted with Courier Express during the relevant time period and who participate in this Settlement.

3. WHAT IS A "COLLECTIVE ACTION," WHAT IS A "CLASS ACTION," AND WHO IS INVOLVED?

Under FLSA, if a court decides that a case should be treated as a "collective action," a group of "similarly situated" individuals may seek to recover unpaid overtime wages and related damages. In a collective action, individuals who file consents to join, and thus "opt in" to the lawsuit, become party-plaintiffs. They are sometimes referred to as "opt-in plaintiffs." The individuals who initiate the lawsuit, referred to as "named plaintiffs," bring the action on behalf of themselves and other individuals who are believed to have similar claims and may consent to join the action.

This type of "opt-in" collective action is different from the better known "class action," Where participants do not need to file a written consent to join. In a class action, the "named plaintiffs" sue on behalf of all individuals within a defined group or "class." If a court decides that the case should be treated as a "class action," all individuals who are in the defined group automatically become "class members" unless they file a written request with the court specifically asking to be excluded. In federal courts, these types of cases are sometimes referred to as "Rule 23" class actions, based on the Federal Rule of Civil Procedure that provides the class-action mechanism.

The named plaintiff here – Trish Kincaid – filed this case as both a putative collective action under the FLSA and a putative class action under North Carolina state law. The proposed collective action under the FLSA would include those who contracted with Courier Express/Raleigh, Inc., and/or Courier Express/Charlotte, Inc., between February 16, 2015 and **[DATE SETTLEMENT AGREEMENT EXECUTED]** to provide courier services, and were not paid for all of their hours worked, and who opt-in to this case by filing a written consent with the Court. Additionally, the named plaintiff sought to bring a class action under North Carolina state law on behalf of a class of such couriers who worked in North Carolina between February 16, 2016 and **[DATE SETTLEMENT AGREEMENT EXECUTED]**.

In both types of cases, named plaintiffs may request the court to certify the case as a class and/or collective action. If the court grants that request, the same court resolves the issues in the case for all potential opt-in plaintiffs and class members. Here, the U.S. District Court for the Northern District of Georgia is the court in charge of this proposed collective action and class action. For purposes of this Settlement, the Court has granted provisional certification to Plaintiff's class and collective action and authorized notice be sent to potential FLSA opt-in plaintiffs and North Carolina state law class members while the Court decides whether to grant final approval of the Settlement.

3. WHAT SETTLEMENT PAYMENT WILL I RECEIVE IF I SEND IN THE CLAIM FORM?

If you fully complete the enclosed Claim Form and I.R.S. Form W-9 and submit them to the Settlement Administrator so that it is postmarked by **[90 CALENDAR DAYS FROM MAILING]** if returned by U.S. Mail, or received by **[90 CALENDAR DAYS FROM MAILING]** if returned by fax or e-mail, and the Settlement is approved by the Court, you will receive a check totaling approximately the

amount set forth in included in the Claim Form enclosed with this Notice. This amount will not be subject to standard payroll deductions, and if you return the I.R.S. Form W-9 no taxes will be withheld, but you may owe taxes on this amount and will receive an I.R.S. Form 1099-Misc for the settlement payment.

4. **WHO IS INCLUDED IN THE PROPOSED SETTLEMENT?**

For settlement purposes, the Court certified the following settlement collectives/classes:

a. **Putative FLSA Collective Members**: All individuals who entered into an agreement with Courier Express/Charlotte, Inc. or Courier Express/Raleigh, Inc. to provide courier services and performed courier services, pursuant to that agreement, as an independent contractor at any time between February 16, 2015 and **[DATE SETTLEMENT AGREEMENT EXECUTED]**.

b. **Putative Rule 23 Settlement Class Members**: All individuals who entered into an agreement with Courier Express/Charlotte, Inc. or Courier Express/Raleigh, Inc. to provide courier services and performed courier services, pursuant to that agreement, as an independent contractor at any time between February 16, 2016 and **[DATE SETTLEMENT AGREEMENT EXECUTED]**.

5. **WHAT ARE THE BENEFITS AND TERMS OF THIS SETTLEMENT?**

Pursuant to the Settlement, Courier Express agreed to pay on behalf of all Defendants a total of $1,600,000.00 (the "Gross Settlement Amount") inclusive of all alleged unpaid wages, overtime compensation, unlawful deductions, violations of wage and hour laws, liquidated damages, penalties, interest, Class Counsel's attorneys' fees, costs and expenses, service awards of up to $15,000.00 to plaintiff Trish Kincaid and of up to $10,000.00 each to opt-in plaintiffs Matthew Kincaid, Brittnie Williams, and Scott Shelton, costs of administering the Settlement, mediation costs and fees, and all other settlement-related payments and costs.

There will be a hearing for final approval of the Settlement. If the Court approves the Settlement, and you fully complete the enclosed Claim Form and I.R.S. Form W-9 and submit it to the Settlement Administrator so that it is postmarked no later than **[90 CALENDAR DAYS FROM MAILING]** if returned by U.S. Mail, or received by **[90 CALENDAR DAYS FROM MAILING]** if returned by fax or e-mail, you will be eligible to receive the settlement payment listed in your enclosed Claim Form. If you become a Participating FLSA Collective Member (*i.e.*, those Putative FLSA Collective Members who opt- in to the Settlement by timely submitting a completed Claim Form) and/or a Participating Rule 23 Settlement Class Member (*i.e.*, those Putative Rule 23 Settlement Class Members who timely submit a completed Claim Form), you will be responsible for remitting to state and/or federal taxing authorities any taxes that may arise from your receipt of the settlement payment, as well as your *pro rata* share of the attorneys' fees awarded to class counsel. You also agree to hold Defendants harmless and indemnify the Defendant Releasees (as defined in the Settlement Agreement) for any liabilities, costs and expenses, including attorneys' fees, assessed or caused by any taxing authority resulting from your failure to remit taxes due on payments made to you under the Settlement Agreement.

The amount remaining of the Gross Settlement Amount after payment of the following is referred to as the "Net Settlement Amount": (i) Class Counsel's attorney's fees, costs and expenses approved by the Court, (ii) service awards approved by the Court, (iii) mediation expenses, and (iv) costs of settlement administration. The Net Settlement Amount shall be allocated to each Participating FLSA Collective Member and each Participating Rule 23 Class Member as an Individual Settlement Amount.  It is possible for you to be both a Participating FLSA Collective Member and a Participating Rule 23 Settlement Class

Member. Under the terms of the Settlement Agreement, 30% of each Individual Settlement Amount will be allocated to the resolution of FLSA claims, and 70% of each Individual Settlement Amount will be allocated to the resolution of NCWHA claims. Individual Settlement Amounts will only be distributed to Participating FLSA Collective Members and Participating Rule 23 Settlement Class Members.

The settlement distribution process will be administered by an independent, third-party Settlement Administrator approved by the Court.

The Settlement Administrator may issue to the UNC Highway Safety Research Center and Georgia Motor Trucking Foundation, Inc. d/b/a Georgia Highway Safety Foundation checks with the *Cy Pres* Amount compromised of the value of any settlement checks issued but uncashed within 180 days after mailing of those checks. Participating FLSA Collective Members and all Participating Rule 23 Settlement Class Members who do not cash their settlement checks nevertheless remain bound by the Settlement.

6. **WHO IS CLASS COUNSEL?**

The Court appointed the following lawyers as Class Counsel to represent the Settlement classes:

| Gilda Adriana Hernandez, Esq. **THE LAW OFFICES OF GILDA A. HERNANDEZ, PLLC** 1020 Southhill Drive, Suite 130 Cary, NC 27513 Tel: (919) 741-8693 Fax: (919) 869-1853 ghernandez@gildahernandezlaw.com | Jeffrey B. Sand **THE WEINER LAW FIRM LLC** 3525 Piedmont Road 7 Piedmont Center, 3rd Floor Atlanta, Georgia 30305 Tel: (404) 205-5029 Fax: (866) 800-1482 js@atlantaemployeelawyer.com | Harold Lichten, Esq. Matthew Thomson, Esq. **LICHTEN & LISS-RIORDAN, P.C.** 729 Boylston Street, Suite 2000 Boston, MA 02116 Tel: (617) 994-5800 Fax: (617) 994-5801 hlichten@llrlaw.com mthomson@llrlaw.com |
|---|---|---|

You do not need to hire your own lawyer because class counsel is working on your behalf in this case. However, should you choose to retain your own lawyer, you must do so at your own expense.

7. **ARE ATTORNEYS' FEES, COSTS, EXPENSES BEING SOUGHT?**

Class Counsel has pursued the case on a contingent basis and has not received any payment of fees or any reimbursement of their out-of-pocket expenses related to the recovery on behalf of the Settlement classes. As part of the Settlement, subject to Court approval, Class Counsel will apply for fees in the amount of one-third of the Gross Settlement Amount ($533,333.33), plus reimbursement of litigation costs in the amount of $13,972.29. The Court may ultimately award less than the amounts Class Counsel request. The Court will make a final determination on the reasonableness of Class Counsel's application at a later date. Attorneys' fees, costs, and expenses will not be deducted from your estimated settlement payment, but a *pro rata* share of the awarded attorneys' fees will be allocated to you as income and reported on an I.R.S. Form 1099-Misc.  Class Counsel's Fees and expenses will be paid from the Gross Settlement Amount before any payment you receive is calculated

8. **ARE PLAINIFF AND ANY OTHERS RECEIVING ADDITIONAL PAYMENT?**

Yes, but these amounts are subject to approval by the Court. Plaintiff Trish Kincaid will ask the Court to approve a service award in the amount of $15,000.00 to herself and a service award of $10,000.00

each to opt-ins Matthew Kincaid, Brittnie Williams and Scott Shelton, who joined this case prior to the Settlement, in recognition that these four individuals initiated, participated in, and/or joined this case for the benefit of the members of the Settlement classes, and for the broader release they will provide. The Court has not yet ruled on whether it will award these amounts. The Court may deny these requests or award less than this amount. The Court will make a determination on the reasonableness of these requests at a later date. Service awards will be paid from the Gross Settlement Amount before any payment you receive is calculated.

9.  **HOW ARE MEDIATION EXPENSES IN THIS CASE AND THE SETTLEMENT ADMINISTRATOR BEING PAID?**

Mediation expenses and the costs of administering this Settlement will be paid out of the Gross Settlement Amount. Payments of mediation expenses and costs of administering this Settlement will be paid from the Gross Settlement Amount before any payment you receive is calculated.

10. **WHAT ARE MY OPTIONS REGARDING THE SETTLEMENT?**

    A.  **Timely Submit a Fully Completed Claim Form:** If you want to claim your share of the Settlement, you need to complete the enclosed Claim Form and I.R.S. Form W-9 and submit them to the Settlement Administrator so that they are postmarked on or before **[90 CALENDAR DAYS FROM MAILING]** if returned by U.S. Mail, or received by **[90 CALENDAR DAYS FROM MAILING]** if returned by fax or e-mail:

    Kincaid v. Courier Express et al. Settlement Administrator
    c/o., RG2 Claims Administration LLC
    **********
    ** *****-****
    (***) ***-****.

    

    You should keep the Settlement Administrator informed of any changes in your address until you have received your settlement check and tax reporting form(s).

    B.  **Request to be Excluded:** If you are a Putative Rule 23 Settlement Class Member, you may request to be excluded from the Settlement. If you wish to be excluded from the Settlement, you must submit a written request for exclusion to the Settlement Administrator expressly stating that you wish to be excluded from the Settlement. Such written statements should state at the top of the letter "Request for Exclusion from Settlement in *Kincaid, et al. v. Courier Express/Charlotte, Inc., et al.*, No. 1:18-cv-00707-AT," and should include your name, address, telephone number, and signature. All such written requests for exclusion must be returned by First-Class U.S. Mail to the Settlement Administrator and must be postmarked on or before **[90 CALENDAR DAYS FROM MAILING]**.

    If you exclude yourself, you are not allowed to submit a Claim Form and you will **not** receive any monies from the Settlement.

    Failure to include the required information or to timely submit your request to be excluded will result in your remaining a member of the Rule 23 Settlement Class and being bound by any final judgment.

    If you validly and timely request exclusion from the Rule 23 Settlement Class, you will not be bound by any final judgment, and you will not be precluded from instituting or prosecuting any individual

claim you may otherwise have against Defendants under the NCWHA.

**C.     Object:** If you are a Putative Rule 23 Class Member and you do not request to be excluded, you may object to the terms of the Settlement, to Class Counsel's request for attorneys' fees, costs, and expenses, and/or to Plaintiffs' receipt of service awards. If you object and the Settlement is approved, you will still be barred from bringing your own individual lawsuit asserting claims related to the matters released through this Settlement, and you will be bound by the final judgment entered by the Court. If you object, you may, but need not, enter an appearance through counsel of your choice. If you do, you will be responsible for your own attorneys' fees, costs and expenses.

If you object to the Settlement, to the requested attorneys' fees, costs, expenses, and/or to the requested service awards, you must, on or before **[90 CALENDAR DAYS FROM MAILING]**, file a written objection with the U.S. District Court for the Northern District of Georgia at:

Clerk of Court
Richard B. Russell Federal Building
2211 United States Courthouse
75 Ted Turner Drive, SW
Atlanta, GA 30303-3309.

In addition to filing your objections with the Court, you must serve copies of the objection to Class Counsel (at the addresses listed in Section 6, above) and Defense Counsel at:

| Andrew J. Butcher<br>SCOPELITIS, GARVIN, LIGHT, HANSON, & FEARY, P.C.<br>30 West Monroe Street, Suite 600<br>Chicago, IL 60603 | Richard W. Black<br>LITTLER MENDELSON, P.C.<br>3344 Peachtree Road, N.E.<br>Atlanta, GA 30326 |
|---|---|

Your written objection should be labeled at the top with the name and case number of this lawsuit ("*Trish Kincaid, et al. v. Courier Express/Charlotte, Inc., et al.*, No. 1:18-cv-00707-AT") and must set forth the nature of your objection, and the arguments supporting the objection. Any Putative Rule 23 Settlement Class Member who has properly and timely submitted objections may appear at the Final Approval Date hearing, either in person or through a lawyer retained at his or her own expense.

Members of the Putative Rule 23 Settlement Class who do not timely make their objections in this manner will be deemed to have waived all objections and will not be heard or have the right to appeal approval of the Settlement.

The Court will consider any objections that are timely filed. This does not mean, however, that the Court will necessarily take action based on any objection. If the Court rejects your objection, you will still be bound by the terms of the Settlement and the Release of Claims described in Section 14 below.

**D.     Do Nothing**: If you do nothing, and/or fail to timely send in a fully completed Claim Form, you will receive nothing from the Settlement. And, if at any time between February 16, 2016 and **[DATE SETTLEMENT AGREEMENT EXECUTED]** you provided courier services as an independent contractor pursuant to your agreement with Courier Express/Charlotte, Inc. or Courier Express/Raleigh, Inc., upon final approval of the Settlement by the Court, you will be deemed to have released and waived

the claims described in the Release of Claims as described in Section 14 below—except you will still have the right under federal law to file a complaint under the FLSA if the deadline to file such a claim has not already expired. However, you will not receive any money pursuant to this Settlement.

11.   **WHAT HAPPENS IF THE COURT APPROVES THE SETTLEMENT?**

If the Court approves the proposed Settlement, settlement checks will be issued to Participating FLSA Collective Members and Participating Rule 23 Settlement Class Members who have timely submitted a fully completed Claim Form and I.R.S. Form W-9 and have not excluded themselves from the Settlement.

The Settlement will be binding on all Putative Rule 23 Settlement Class Members who do not timely and properly request exclusion. This means that all Putative Rule 23 Settlement Class Members who do not exclude themselves cannot bring their own lawsuits against Defendants for wage claims based on alleged violations of the NCWHA or any other wage and hour laws (other than the FLSA) that arose while you provided courier services pursuant to your agreement with Courier Express/Charlotte, Inc. or Courier Express/Raleigh, Inc. from any time prior to [DATE OF PRELIMINARY APPROVAL], 2019 . This includes, but is not limited to, claims for improper deductions, back pay, liquidated damages, penalties, interest, and attorneys' fees, costs and expenses.

In addition to these claims, if you timely submit a fully completed Claim Form, you will also release wage and hour claims that could be brought under the FLSA against Defendants that arose while you provided courier services as an independent contractor pursuant to your agreement with Courier Express/Charlotte, Inc. or Courier Express/Raleigh, Inc. any time prior to [DATE OF PRELIMINARY APPROVAL], 2019 . This includes, but is not limited to, claims for back pay, liquidated damages, penalties, interest, and attorneys' fees, costs and expenses.

The scope of these releases is explained more fully in Section 14 below.

12.   **WHAT HAPPENS IF THE COURT DOES NOT APPROVE THE SETTLEMENT?**

If the Court does not approve the proposed Settlement, the case will proceed as if no settlement has been attempted and there can be no assurance that the class will recover more than is provided for in this Settlement, or indeed, anything.

13.   **WHEN IS THE HEARING ON FINAL APPROVAL OF THIS SETTLEMENT?**

The Court will hold this hearing on [DATE] at [TIME], in Courtroom [X], Richard B. Russell Federal Building, 2211 United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, GA 30303-3309. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. Either during or after this hearing, the Court will decide whether to approve the Settlement. We do not know how long this decision will take.

If there are objections to the Settlement, the Court may consider them at that time. If you file an objection, you do not have to come to Court to talk about it if you do not wish to do so. The Court will also listen to people who have asked to speak at the hearing. You do not have to attend this hearing. Class Counsel will answer questions the Court may have about the Settlement. You may also pay your own lawyer to attend the hearing, but it is not required.

The time and date of this hearing may be changed without further notice.

**14.   WHAT CLAIMS ARE BEING RELEASED?**

The claims you are being asked to release are as follows.

1.   **Claims Released by Both Rule 23 Settlement Class Members and Participating FLSA Collective Members**.  Rule 23 Settlement Class Members and Participating FLSA Collective Members, on behalf of themselves and any business entities through which they performed services on behalf of Defendant Releasees (as defined in the Settlement Agreement), and their heirs, trustees, executors, successors, administrators, assigns, and representatives, shall release, discharge, and agree to hold harmless the Defendant Releasees from any and all wage and hour claims and causes of action arising on or before **[DATE OF PRELIMINARY APPROVAL]**, whether known or unknown, at law or in equity, whether arising under common law or federal, state, and/or local law, statute, ordinance, regulation, or any other source of law, including the North Carolina Wage and Hour Act, N.C. Gen. Stat. § 95-25.1, *et seq.* (the "North Carolina Wage Act"), **but not including the Fair Labor Standards Act, 29 U.S.C. § 201, et seq.**, which Putative Rule 23 Settlement Class Members and Putative FLSA Collective Members asserted in this lawsuit, or could have asserted in this lawsuit, against the Defendant Releasees, including, but not limited to, claims arising out of, derived from, or related to the facts and circumstances alleged in the complaint in the lawsuit, and including all wage and hour related claims, demands, rights, liabilities, and/or causes of action of any nature and description whatsoever for wages, bonuses, commissions, overtime, vacation pay, severance pay, and any related damages, costs, penalties, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, equitable relief, or any other relief related to any alleged failure to pay all wages or other compensation owed, or properly record or credit hours worked. This shall specifically include any claims of alleged unjust and/or improper (1) classification as an independent contractor, non-employee, or any other classification as exempt from minimum wage and/or overtime laws; (2) deductions from compensation and/or wages; (3) failure to pay minimum wages; (4) failure to provide proper pay stubs or other records related to hours worked, wages earned, and/or payroll deductions; (5) failure to pay, indemnify, and/or reimburse for work-related expenses; (6) failure to pay all wages when due; (7) failure to calculate and/or pay overtime compensation; (8) failure to pay all monies owed for work performed in breach of express contract or labor agreement, implied contract, or *assumpsit*, or in violation of the doctrines of *quantum meruit*/unjust enrichment, fraud, negligent misrepresentation, equitable estoppel, promissory estoppel, or conversion; (9) failure to keep and maintain any records as required under applicable wage and hour laws; (10) failure to provide benefits or other amounts under any compensation or benefit plan, program, arrangement, or agreement based on any alleged failure to pay wages, including but not limited to minimum wages or overtime wages; and (11) retaliation for complaining about alleged violations of any wage and hour law. This release includes all federal, state, and local statutory claims and common law claims related to hours worked and unpaid wages, but it does not include claims based on the FLSA or any other claims that may not be waived as a matter of law.

2.   **Claims Released by Participating FLSA Collective Members.** Additionally, Participating FLSA Collective Members, on behalf of themselves and any business entities through which they performed services on behalf of Defendant Releasees (as defined in the Settlement Agreement), and their heirs, trustees, executors, successors, administrators, assigns, and representatives, in addition to the release of claims described in the preceding paragraph, shall release, discharge, and agree to indemnify and hold harmless the Defendant Releasees of and from any and all claims arising under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq.*, which any Participating FLSA Collective Member has or might have, known or unknown, asserted or unasserted, of any kind whatsoever, except to the extent

that any such claim may not be waived as a matter of law, up to and including **[DATE OF PRELIMINARY APPROVAL]**.

**15.  IF I AM A CURRENT CONTRACTOR WITH COURIER EXPRESS AND I CHOOSE TO PARTICIPATE IN THIS SETTLEMENT, AM I PROTECTED FROM POTENTIAL RETALIATION?**

Yes. It is against the law to retaliate or discriminate against an individual who decides to participate in this settlement. None of the Defendants, including Courier Express, will discriminate or retaliate against you in any way because of your decision to participate or not in the case or this settlement.

**16.  ARE THERE MORE DETAILS AVAILABLE?**

For additional information you may contact the Settlement Administrator at *Kincaid v. Courier Express et al.* Settlement Administrator, c/o., RG2 Claims Administration LLC, **********, ** *****-****, or call (***) ***-****. You also may contact Class Counsel.

**NO INQUIRES ABOUT THIS SETTLEMENT SHOULD BE DIRECTED TO THE COURT, THE CLERK OF COURT, OR DEFENDANTS.**